# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Steven L. Markos, *on behalf of himself and others similarly situated*,

      Plaintiff,

v.

Wells Fargo Bank, N.A.,

      Defendant.

No. 1:15-cv-01156-LMM

## **JOINT MOTION FOR ENTRY OF AN AGREED STAY ORDER**

Steven L. Markos ("Plaintiff"), by counsel, and Defendant, Wells Fargo Bank, N.A. ("Wells Fargo" and collectively the "Parties"), by counsel, submit this Joint Motion for Entry of an Agreed Order Staying the Case.  For the reasons below, the Parties respectfully request the Court stay the case to allow the Parties to focus their efforts on a voluntary mediation.

## **Background**

Plaintiff filed this action (the "Lawsuit") on April 14, 2015 alleging violations of the Telephone Consumer Protection Act ("TCPA").  The present case is one of four purported class action lawsuits against Wells Fargo under the TCPA

pending in the Northern District of Georgia.  *See Luster v. Wells Fargo Dealer Services, Inc.* (1:15cv1058), *Cross v. Wells Fargo Bank, N.A.* (1:15-cv-1270), *Davis v. Wells Fargo Bank, N.A.*( 1:15-cv-03140).  The Parties are currently jointly submitting near identical motions to stay in each of the respective cases.

The Parties jointly seek a stay of this case so they can prepare for and pursue voluntary mediation.  The requested stay is not for any dilatory purpose.  The Parties have been actively engaged in the Lawsuit since the time of its filing and intend to remain actively engaged during the time of the requested stay.  The Parties believe the stay is necessary to allow them to focus their efforts on a voluntary mediation, continue the merits discussions that have already occurred, and allow for informal information exchanges in order to fully prepare for engaged mediation discussions.

### A. Merits Discussions

Since the time of the filing, the Parties have engaged in substantial, arms-length discussions regarding the merits of the Lawsuit, the issues associated with any attempt at class certification, the impact of Wells Fargo's Rule 68 offer of judgment, the governing law, and the prospects of settlement of the lawsuit.  They intend to continue these active merits discussions during the requested stay.  These issues will inform the Parties' positions during their voluntary mediation.

**B. Informal Discovery and the Potential for Protracted Formal Discovery**

The Parties have also agreed to engage in informal discovery in furtherance of their settlement discussions, including the exchange of documents and information pertaining to Plaintiff and members of the putative class alleged in the complaint. This informal discovery is ongoing.

The purpose of the Parties' informal discovery has been to allow each Party to fully analyze the other party's respective position and to facilitate meaningful settlement discussions, without prejudice to either party's rights in the event that settlement discussions are unsuccessful and formal discovery commences.

If formal discovery becomes necessary, Wells Fargo maintains that formal class discovery is likely to be voluminous and protracted.

**Mediation**

In addition to informal discovery and merits discussions, the Parties have been discussing the possibility of conducting mediation in the Lawsuit with a third-party mediator. Mediation will allow the Parties the opportunity to explore a resolution of the Lawsuit after informal discovery, but prior to what may be protracted and contentious additional formal discovery. Mediation of the case presents the possibility of an efficient resolution to the Lawsuit, thereby preserving valuable resources of the Parties and the Court.

To that end, the Parties have scheduled mediation in this case for January 13, 2016.  The Parties intend to use the services of Hunter Hughes.  Mr. Hughes is a respected mediator in Atlanta, Georgia.  Leading up to the mediation, the Parties will engage in informal discovery and exchange information necessary to make the mediation productive.

### C. Pending Supreme Court Cases

Wells Fargo served Plaintiff with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.  The Supreme Court has recently granted certiorari in *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015), a case pertaining to the impact of an offer of judgment in the purported class action context.  Wells Fargo believes the pendency of *Campbell-Ewald* supports the Parties' requested stay, while Plaintiff disagrees.

The Supreme Court has also recently granted certiorari in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), a case involving the issue of Congress' power to confer Article III standing through statute.  Wells Fargo also believes the pendency of *Spokeo* supports the Parties' requested stay, while Plaintiff disagrees.

Regardless of the Parties' positions with respect to the impact of *Spokeo* and *Campbell-Ewald*, they both agree this case should be stayed to allow the Parties to exchange informal discovery and proceed to mediation.

**Request for a Stay**

Based on the facts above and for good cause, the Parties jointly request the Court stay the Lawsuit until March 8, 2016 so they may pursue the mediation currently scheduled for January 13, 2016 and engage in any follow up discussions that may be appropriate.  During the requested stay, the Parties will continue to exchange informal discovery to enable the Parties to conduct an informed and productive mediation of the case.  The Parties will provide a joint status report to the Court updating the Court on the status of the Parties' mediation by March 1, 2016.  Further, based on the Parties' representations in their joint status report, they request the Court set a status conference with the Parties to address the litigation deadlines following this stay, if necessary.

The Parties have attached a proposed Order pertaining to this Joint Motion as **Exhibit A**.

By:   /s/ John C. Lynch          By:   /s/ Alexander Burke
       Of Counsel                    Of Counsel

    Stephen W. Riddell (Ga Bar #604810)    Alexander Burke (*pro hac vice*)
    stephen.riddell@troutmansanders.com    aburke@burkelawllc.com
    TROUTMAN SANDERS LLP    BURKE LAW OFFICES, LLC
    Bank of America Plaza    155 N. Michigan Ave., Ste. 9020
    600 Peachtree St., N.E., Suite 5200    Chicago, IL 60601
    Atlanta, GA 30308    (312) 729-5288
    (404) 885-3000    (312) 729-5289 (fax)
    (404) 885-3900 (fax)

John C. Lynch (*pro hac vice*)
john.lynch@troutmansanders.com
David M. Gettings (*pro hac vice*)
david.gettings@troutmansanders.com
TROUTMAN SANDERS LLP
222 Central Park Avenue Suite 2000.
Virginia Beach, VA 23462
(757) 687-7500
(757) 687-7510 (fax)

Chad R. Fuller (*pro hac vice*)
chad.fuller@troutmansanders.com
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130
(858) 509-6056
(858) 509-6040  (fax)

*Counsel for Defendant*

James M. Feagle
jfeagle@skaarandfeagle.com
Clifton Dorsen
cdorsen@skaarandfeagle.com
SKAAR & FEAGLE, LLP
2374 Main Street
Suite B
Tucker, Georgia 30084
(404) 373-1970
(404) 601-1855 (fax)

Kris Skaar
krisskaar@aol.com
Justin T. Holcombe
jholcombe@skaarandfeagle.com
SKAAR & FEAGLE, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189
 (770) 427-5600
(404) 601-1855 (fax)

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 24th day of November, 2015, I electronically filed the
foregoing document with the Clerk of the Court using the CM/ECF System which
will then send a notification of such filing (NEF) to the following:

### <u>Counsel for Plaintiffs</u>

Alexander Burke
(*pro hac vice*)
aburke@burkelawllc.com
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Ste. 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)

James M. Feagle
jfeagle@skaarandfeagle.com
Clifton Dorsen
cdorsen@skaarandfeagle.com
SKAAR & FEAGLE, LLP
2374 Main Street
Suite B
Tucker, Georgia 30084
(404) 373-1970
(404) 601-1855 (fax)

Kris Skaar
krisskaar@aol.com
Justin T. Holcombe
jholcombe@skaarandfeagle.com
SKAAR & FEAGLE, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189
(770) 427-5600
(404) 601-1855 (fax)

/s/ John C. Lynch
John C. Lynch (*pro hac vice*)
Counsel for Defendant
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone No.: (757) 687-7765
Facsimile No.: (757) 687-1504
john.lynch@troutmansanders.com

27530908