# EXHIBIT C-1

United States District Court for the Northern District of Georgia

# IF YOU RECEIVED A CALL OR NON-EMERGENCY TEXT FROM WELLS FARGO ON YOUR CELLULAR TELEPHONE IN CONNECTION WITH A RESIDENTIAL MORTGAGE OR HOME EQUITY LOAN BY MEANS OF AN AUTOMATIC TELEPHONE DIALING SYSTEM AND/OR AN ARTIFICIAL OR PRERECORDED VOICE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Plaintiffs brought lawsuits alleging that Wells Fargo Bank, N.A. ("Wells Fargo") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* by using an automatic telephone dialing system and/or an artificial or prerecorded voice to place calls or send non-emergency texts to cell phones ("Automatic Calls") in connection with residential mortgage and home equity loan accounts, and that these Automatic Calls were made without the prior express consent of Class Members. Wells Fargo denies the allegations in the lawsuits.
- A settlement has been reached in these cases and affects individuals who:
    1. Received an Automatic Call regarding a Wells Fargo Residential Mortgage Loan Account between November 17, 2011 and February 29, 2016; **or**
    2. Received an Automatic Call regarding a Wells Fargo Home Equity Loan Account between April 14, 2011 and February 29, 2016.
- The Settlement, if approved, would provide $16,319,036 to pay valid and timely claims of those persons who received any of the above-described Automatic Calls from Wells Fargo, as well as to pay Plaintiffs' attorneys' fees, service awards to the three class representatives, and administrative costs of the settlement; avoid the further cost and risk associated with continuing the lawsuits; and release Wells Fargo from further liability.
- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**
- **On the website, www.MarkosWellsFargoTCPA.com, there is a complete notice of the settlement in Spanish. En el sitio web, www.MarkosWellsFargoTCPA.com, hay una notificación completa del acuerdo en Español. Para un operador telefónico de habla español, llame al 1-800-xxx-xxxx.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | This is the only way to get a payment. You can submit a valid and timely claim form online at www.MarkosWellsFargoTCPA.com or by mail to [ADDRESS OF ADMINISTRATOR] or by calling the toll-free number, 1-XXX-XXX-XXXX. If you fail to do so, you will not receive a settlement payment. |
| **Do Nothing** | Get no payment. Give up any rights to sue Wells Fargo separately regarding the legal claims in this case. |
| **Exclude Yourself OR "Opt Out" of the Settlement** | If you ask to be excluded, you will get no payment. You will also not waive any rights you may have against Wells Fargo with respect to the legal claims in this case. |
| **Object** | Write to the Court about why you believe the Settlement is unfair. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options **- and the deadlines to exercise them -** are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made on valid and timely claims if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION....PAGE 4**

1. Why is there a notice?
2. What is this class action lawsuit about?
3. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT .... PAGE 5**

4. How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET.... PAGE 5**

5. What does the Settlement provide?

**HOW YOU GET A PAYMENT....PAGE 6**

6. How and when can I get a payment?
7. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT ....PAGE 7**

8. How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU.... PAGE 8**

9. Do I have a lawyer in this case?
10. How will the lawyers and class representatives be paid?

**OBJECTING TO THE SETTLEMENT ....PAGE 8**

11. How do I tell the Court that I do not think the Settlement is fair?

**THE COURT'S FAIRNESS HEARING.... PAGE 9**

12. When and where will the Court decide whether to approve the Settlement?
13. May I speak at the hearing?

**IF YOU DO NOTHING ....PAGE 9**

14. What happens if I do nothing at all?

**GETTING MORE INFORMATION....PAGE 10**

15. How do I get more information?

## BASIC INFORMATION

**1. Why is there a notice?**

A Court authorized this Notice because you have a right to know about a proposed Settlement of these class action lawsuits, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is important that you read this Notice carefully.

If you received a Notice in the mail, it is because, according to Wells Fargo's records, you may have received one or more Automatic Calls from Wells Fargo: (1) in connection with a Wells Fargo Residential Mortgage Loan Account between November 17, 2011 and February 29, 2016; **or** (2) in connection with a Wells Fargo Home Equity Loan between April 17, 2011 and February 29, 2016.

The Court in charge of the case is the United District Court for the Northern District of Georgia, and the case is known as *Markos v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-01156 (N.D. Ga.). The proposed Settlement would resolve all claims in *Markos v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-01156 (N.D. Ga.), as well as the claims in the following similar Actions: *Page v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-06511-MFK (N.D. Ill.) and *Davis v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-3140-TWT (N.D.Ga.). The people who sued are called Plaintiffs, and the company they sued, Wells Fargo Bank, N.A. is called the Defendant and is referred to in this Notice as "Wells Fargo."

**2. What are these class action lawsuits about?**

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Representative Plaintiffs filed these cases alleging that Wells Fargo violated the TCPA by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call or text cell phones without the prior express consent of the recipients.

Wells Fargo denies that it did anything wrong, or that this case is appropriate for treatment as a class action.

**3. Why is there a Settlement?**

The Court did not decide in favor of the Plaintiffs or Defendant. Both sides agreed to a settlement instead of going to trial. That way, they avoid the cost of a trial, and the people affected will get compensation. The Representative Plaintiffs and their attorneys think the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

**4. How do I know if I am part of the Settlement?**

The Settlement provides relief for all Class Members, who are described as all users or subscribers to a wireless or cellular service within the United States who used or subscribed to a telephone number to which Wells Fargo made or initiated one or more calls or non-emergency texts using an automatic telephone dialing system or artificial or prerecorded voice technology, according to Wells Fargo’s available records, and who:

(1) Used or subscribed to a cellular phone number to which Wells Fargo made or initiated a call or non-emergency text in connection with a Residential Mortgage Loan from November 17, 2011 to February 29, 2016 (“Subclass One”);

**or**

(2) Used or subscribed to a cellular phone number to which Wells Fargo made or initiated a call or non-emergency text in connection with a Home Equity Loan from April 14, 2011 to February 29, 2016 ("Subclass Two").

Individuals may be members of more than one group. Persons who received both a Subclass One and a Subclass Two call or text may file two claims.

Excluded from the Class are Defendant; its parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom any of the Actions are assigned; and, any member of those judges' staffs and immediate families.

If you have questions about whether you are a Class Member, or are still not sure whether you are included, you can call 1-XXX-XXX-XXXX or visit www.MarkosWellsFargoTCPA.com for more information.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

**5. What does the Settlement provide?**

Wells Fargo has agreed to pay a total settlement amount of $16,319,036 which will be used to create a Settlement Fund to pay Settlement Awards to Class Members who submit a valid and timely claim, pay Plaintiffs' attorneys' fees and costs, pay service awards to the Representative Plaintiffs, and pay costs and expenses of settlement administration.

Any remaining monies from uncashed Settlement Awards maybe redistributed in a second distribution to Class Members who submitted a valid and timely claim. However, if a second distribution would result in less than $1 per qualifying claimant, the remaining monies will instead be donated to [CY PRES RECIPIENT].

## HOW YOU GET A PAYMENT

### 6. How and when can I get a payment?

Each Class Member who submits a valid and timely Claim Form will receive a Settlement Award. A Settlement Award is a cash payment. The final cash payment amount will depend on the total number of valid and timely claims filed by all Class Members. Class Counsel estimates that the amount of the cash award (while dependent upon the number of claims) may be within the range of $25 to $27. Eligible Class Members may make 1) one claim for any Subclass One Calls, and 2) one claim for any Subclass Two Calls, depending on the Subclass or Subclasses to which the Class Member belongs. A Class Member may only make a claim pertaining to the Subclass or Subclasses to which he or she belongs.

Claims may be submitted electronically at info@MarkosWellsFargoTCPA.com, or by calling the toll-free number 1-(XXX)-XXX-XXXX, or by mail to:

Markos Wells Fargo TCPA Settlement Claims Administrator, [ADDRESS]

The Court will hold a hearing on ________ , 2016 to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

### 7. What am I giving up to get a payment or stay in the Class?

If you are a Class Member, unless you exclude yourself, you can't sue, continue to sue, or be part of any other lawsuit against Wells Fargo about the legal issues in this case and all of the decisions and judgments by the Court will bind you.

For non-emergency calls or text messages made using an automatic telephone dialing system and/or an artificial or prerecorded voice without the prior express consent of the called party, the TCPA provides for damages of $500 per violation, or up to $1,500 for willful violations, plus an injunction limiting future conduct. However, Wells Fargo has denied that it made any illegal calls or sent any illegal texts to anyone, and in any future lawsuit it will have a full range of potential defenses, including that it had prior express consent to make the calls. In addition, please note that the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs. This settlement permits class members the opportunity to obtain a smaller amount of money, risk-free.

If you file a Claim Form for benefits or do nothing at all, you will be unable to file your own lawsuit regarding the claims described in this Notice, and you will release Wells Fargo from any liability for the Released Claims defined below and in the Settlement.

Remaining in the Class means that you, as well as your respective assigns, executors, administrators, successors and agents, will release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below). You further agree that you and they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which you may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from the Released Claims.

"Released Claims" mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of the Released Parties' use of an "automatic telephone dialing system" or "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members in connection with a Residential Mortgage Loan and/or a Home Equity Loan during the Class Period. Released Claims include the claims of Wells Fargo Residential Mortgage Loan account holders, Home Equity Loan account holders, and non-account holders who are members of the Settlement Class. Notwithstanding the above, the Parties agree that any claims related to calls made in an attempt to collect any debts other than those allegedly owed for a Wells Fargo Residential Mortgage Loan and/or a Home Equity Loan are not released.

The Settlement Agreement (available at the website) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in Question 9 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Class Members who timely opt-out of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Wells Fargo on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement.

### 8. How do I exclude myself from the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Markos v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-01156-LMM (N.D. Ga.). Be sure to include your full name, address, and telephone number. You must also include a statement that you wish to be excluded from the Settlement. **You must mail your exclusion request postmarked no later than , [MONTH DAY],2016** to:

Markos Wells Fargo TCPA Settlement Claims Administrator [ADDRESS]

If you ask to be excluded, you will not get any Settlement Award and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Wells Fargo in the future.

## THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer in this case?

The Court appointed the following law firms to represent you and other Class Members:

Lieff Cabraser Heimann & Bernstein, LLP; Burke Law Offices, LLC; Meyer Wilson Co., LPA; Skaar & Feagle, LLP, Greenwald Davidson Radbil PLLC; Keogh Law Ltd.; Kazerouni Law Group, APC; Law Offices of Douglas J. Campion, APC; and Hyde & Swigart.

These lawyers are called Class Counsel. You will not be charged separately for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

Additionally, you may enter an appearance through your own attorney if you so desire, but you do not need to do so.

### 10. How will the lawyers and class representatives be paid?

Class Counsel will ask the Court to approve payment of up to $4,895,710.80 (30% of the Settlement Fund) to compensate them for expenses and for attorneys’ fees for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel will also request an award of service payments of $20,000 each to the three Class Representatives, in compensation for their time and effort. The Court may award less than these amounts. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

Any objection to Class Counsel's application for attorneys’ fees and costs may be filed, and must be postmarked, no later than [______________] which is XXXX days following the filing of Class Counsel's motion for an award of attorneys’ fees and costs.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 11. How do I tell the Court that I do not think the Settlement is fair?

You can tell the Court that you don't agree with the Settlement or some part of it. If you are a Class Member, you can object to the Settlement if you do not think the Settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the proposed Settlement in *Markos v. Wells Fargo Bank, N.A.,* Case No. 1:15-cv-01156-LMM (N.D. Ga.). Be sure to include your full name, address, telephone number, the reasons you object to the Settlement and whether you intend to appear at the fairness hearing on your own behalf or through counsel. All objections shall identify any lawyer that assisted you or provided advice as to the Actions or your objection. Any documents supporting the objection must also be attached to the objection. **Your objection to the Settlement must be postmarked no later than [MONTH DAY], 2016**.

The objection must be mailed to the following:

| | |
|---|---|
| *Markos v. Wells Fargo Bank, N.A.*<br>Case No. 1:15-cv-01156-LMM (N.D. Ga.).<br>Clerk of the Court<br>U.S. District Court for the<br>Northern District of Georgia<br>2211 United States Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303 | Lieff Cabraser Heimann & Bernstein, LLP<br>Embarcadero Center West<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111 |
| [The Settlement Administrator Address] | Severson & Werson<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111 |

## THE FAIRNESS HEARING

**12. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing to decide whether to approve the Settlement. This Fairness Hearing will be held at on , , 2016 at the United States District Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303, in Courtroom . The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and incentive awards as described above, and in what amounts. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

**13. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that you intend to appear at the Fairness Hearing in *Markos v. Wells Fargo Bank*, *N.A.*, Case No. 1:15-cv-01156-LMM (N.D. Ga.*)*. Be sure to include your full name, address, and telephone number. Your letter stating your notice of intention to appear must be postmarked no later than, 2016 and be sent to the Clerk of the Court. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

**14. What happens if I do nothing at all?**

If you do nothing, and are a Class Member, you will not receive a payment after the Court approves the Settlement and any appeals are resolved. In order to receive a payment, you must submit a claim form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Wells Fargo about the legal issues in this case ever again.

## GETTING MORE INFORMATION

**15. How do I get more information?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Claims Administrator toll-free at 1-XXX-XXX-XXXX, writing to: Markos Wells Fargo TCPA Settlement Claims Administrator, [ADDRESS]; or visiting the website at www.MarkosWellsFargoTCPA.com, where you will also find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

On the website, www.MarkosWellsFargoTCPA.com, there is a complete notice of the settlement in Spanish.  En el sitio web, www.MarkosWellsFargoTCPA.com, hay una notificación completa del acuerdo en Español.