# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| STEVEN L. MARKOS, GREGORY PAGE, and TIFFANY DAVIS, on behalf of themselves and all others similarly situated, | Case No. 1:15-cv-01156-LMM |
| Plaintiff, | CLASS ACTION |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

## [PROPOSED] ORDER  (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN, AND (4) SETTING FINAL APPROVAL HEARING

This matter having come before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiffs Steven Markos, Gregory Page, and Tiffany Davis, individually and on behalf of the Settlement Class ("Plaintiffs"), and Defendant Wells Fargo Bank, N.A. ("Defendant") as set forth in the Parties' Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement").  Having duly considered the papers, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all Settlement Class Members.

2.      Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3.      The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness.  Based on this evaluation, the Court finds there is cause to believe that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted.  Therefore, the Court grants preliminary approval of the Settlement.

4.      The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All users or subscribers to a wireless or cellular service within the United States who used or subscribed to a phone number to which Wells Fargo made or initiated one or more Calls during the Class Period using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available

records, and who are within Subclass One and/or Two, which are defined as follows:

Subclass One consists of persons who used or subscribed to a cellular phone number to which Wells Fargo made or initiated a Call or Calls in connection with a Residential Mortgage Loan.

Subclass Two consists of persons who used or subscribed to a cellular phone number to which Wells Fargo made or initiated a Call or Calls in connection with a Home Equity Loan.

Excluded from the Settlement Class are Defendants and any affiliate or subsidiary of Defendants, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt out of the Settlement Class.

5.      The Court hereby appoints Plaintiffs as Class Representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.      The Court appoints Lieff Cabraser Heimann & Bernstein, LLP and Burke Law Offices, LLC as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.      On **[MONTH DAY], 2016**, in courtroom 2107 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Class Counsel's

application for attorneys' fees and expenses, and incentive awards to Plaintiffs, should be granted, and in what amount.  No later than **[MONTH DAY], 2016**, Plaintiffs must file papers in support of Class Counsel's application for attorneys' fees and expenses, and the incentive awards to the Class Representatives.  No later than **[MONTH DAY], 2016**, which is fourteen (14) days prior to the Final Approval Hearing,  Plaintiffs must file papers in support of final approval of the Settlement and respond to any written objections.  Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as they do so no later than **[MONTH DAY], 2016**.

8.     Pursuant to the Agreement, Garden City Group is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

9.     The Court approves the proposed Notice Plan for giving notice to the Settlement Class (i) directly (using post cards), (ii) through publication and an online media campaign; (iii) through a toll-free telephone number; (iv) through a press release; and (v) by establishing a Settlement Website at the web address of www.MarkosWellsFargoTCPA.com, as more fully described in the Agreement. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.  The Court hereby directs the Parties and the Claims Administrator

to complete all aspects of the Notice Plan no later than **[MONTH DAY], 2016**, in accordance with the terms of the Agreement.

10.     The Claims Administrator will file with the Court by no later than **[MONTH DAY], 2016**, which is fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Agreement and this Preliminary Approval Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

11.     Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of **[MONTH DAY], 2016**, which are both sixty (60) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out.  If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

12.     To file a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline.  In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, and cellular telephone number(s) at which the Settlement Class Member alleges he or she received a call from one of the

Defendants, and must state in writing that he or she wishes to be excluded from the Settlement.  No Request for Exclusion will be valid unless all of the information described above is included.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

13.     If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

14.     All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement.

15.     To object to the Settlement, Settlement Class Members must follow the directions in the Notice and file a written Objection with the Court by the Objection Deadline.  In the written Objection, the Settlement Class Member must state his or her full name, address, and cellular telephone number(s) that the Settlement Class Member alleges received a call from one of the Defendants.  He or she must also state the reasons for his or her Objection, and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel.  Any documents supporting the Objection must also be attached to the

Objection.  Any and all objections shall identify any lawyer that assisted or provided advice as to the case or such objection.  No Objection will be valid unless all of the information described above is included.  Copies of all papers filed with the Court must be simultaneously delivered to Class Counsel and counsel for the Defendant.  The Parties will have the right to depose any objector to assess whether the objector has standing.

16.     If a Settlement Class Member does not submit a written comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses and the incentive awards in accordance with the deadline and procedure set forth in the Notice, and the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must file a notice of intention to appear with the Court and serve a copy upon Class Counsel and Defendant's Counsel no later than Objection/Opt-Out Deadline, and comply with all other requirements of the Court for such an appearance.

17.     Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order, above and as detailed in the Notice, and at the same time provide copies to Class Counsel and Defendant's Counsel, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement

by appeal or other means, shall be deemed to have waived his, her, or its

objections, and shall be forever barred from making any such objections in the

Action.  All members of the Settlement Class, except those members of the

Settlement Class who submit timely Requests for Exclusion, will be bound by all

determinations and judgments in the Action, whether favorable or unfavorable to

the Settlement Class.

18.     Pending the final determination of whether the Settlement should be

approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

If the Settlement is terminated or final approval does not for any reason occur, the

stay will be immediately terminated.

19.     If the Settlement is not approved or consummated for any reason

whatsoever, the Settlement and all proceedings in connection with the Settlement

will be without prejudice to the right of Defendant or the Settlement Class

Representatives to assert any right or position that could have been asserted if the

Agreement had never been reached or proposed to the Court, except insofar as the

Agreement expressly provides to the contrary.  In such an event, the Parties will

return to the *status quo ante* in the Action and the certification of the Settlement

Class will be deemed vacated.  The certification of the Settlement Class for

settlement purposes will not be considered as a factor in connection with any

subsequent class certification decision.

20.     The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Judgment and Order of Dismissal.

21.     Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

22.     Accordingly, the following are the deadlines by which certain events must occur:

| **[MONTH DAY], 2016** | Deadline to Provide Class Notice |
|---|---|

| | |
|---|---|
| [25 calendar days after the date of this order] | |
| **[MONTH DAY], 2016** [30 days after the Settlement Notice Date, adjusted for the weekend] | Deadline for Plaintiffs' Motion for Attorneys' Fees and Incentive Awards |
| **[MONTH DAY], 2016** [60 days after the Settlement Notice Date] | Deadline for Class Members to file Objections or submit Requests for Exclusion |
| **[MONTH DAY], 2016** [14 days before the Final Approval Hearing] | Deadline for Parties to File the Following: <br> (1) List of Class Members who Made Timely and Proper Requests for Exclusion; <br> (2) Proof of Class Notice and CAFA Notice (to be filed by the Administrator); and <br> (3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| **[MONTH DAY], 2016** [90 days after the Settlement Notice Date] | Deadline for Settlement Class Members to Submit a Claim Form |
| **[MONTH DAY], 2016 at x:00am** | Final Approval Hearing |

SO ORDERED.


Dated:_____          _____

                                                       Hon. Leigh Martin May
                                                       United States District Court Judge