# EXHIBIT D

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STEVEN L. MARKOS, TIFFANY DAVIS, and GREGORY PAGE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Civil Action File No.<br><br>1:15-cv-001156-LMM |

## DECLARATION OF JAMES M. FEAGLE

Pursuant to 28 U.S.C. § 1746, JAMES M. FEAGLE hereby declares under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. §1746, that the following statements are true:

1. My name is JAMES M. FEAGLE, I am over the age of twenty-one (21), and I am competent in all respects to testify regarding the matters set forth herein.

2. I voluntarily give this DECLARATION in support of the Motion for Fees, Costs, and Service Awards for Class Representatives in the case of *Steven L.*

- 1 -

*Markos, et al. v. Wells Fargo, N.A.,* U.S. District Court, N.D. Ga., Civil Action File No. 1:15-cv-1156-LMM.

3. I am one of the attorneys for the Plaintiffs and Settlement Class in the above referenced case.

4. The factual matters stated in this DECLARATION are based upon my personal knowledge unless stated otherwise.

5. Matters of opinion expressed in this DECLARATION are my opinions formed based upon my own experience and knowledge.

## COUNSEL'S EXPERIENCE

6. I attended college in Atlanta at Emory University and received a B.S. in Psychology and a B.A. in Philosophy in 1988.

7. I became licensed to practice law in the State of Georgia after my graduation from the Georgia State University College of Law in 1991.

8. I have been in the private practice of law since 1991, focusing primarily on consumer litigation in both state and federal court.

9. I am admitted to practice in all trial and appellate courts of the State of Georgia.

10. I am admitted to practice in the United States District Courts for the Northern, Middle and Southern Districts of Georgia, the Northern District of Florida, the Northern District of Illinois as well as the United States Court of Appeals for the Eleventh Circuit.

11. My partner at Skaar & Feagle, LLP, Kris Skaar, is an attorney licensed to practice in the State of Georgia since his graduation from the University of Georgia School of Law in 1986.

12. Following a two year judicial clerkship, Kris Skaar entered private practice in 1988 and began a litigation practice.

13. Kris Skaar is admitted to practice in all trial and appellate courts of the State of Georgia.

14. Kris Skaar is admitted to practice in the United States District Courts for the Northern, Middle and Southern Districts of Georgia.

15. Kris Skaar is admitted to practice in the United States Court of Appeals for the Eleventh Circuit and in the Supreme Court of the United States.

16. My Partner at Skaar & Feagle, LLP, Justin T. Holcombe, attended college in Athens, Georgia at The University of Georgia and received a B.A. in Political Science with a minor in Anthropology in 2005. He became licensed

- 3 -

to practice law in the State of Georgia after his graduation from the Georgia State University College of Law in 2009.

17. Justin T. Holcombe is admitted to practice in all trial courts of the State of Georgia and the Georgia Supreme Court.

18. Justin T. Holcombe is admitted to practice in the United States District Courts for the Northern, Middle and Southern Districts of Georgia and the Northern District of Florida.

19. Justin T. Holcombe is admitted to practice in the United States Court of Appeals for the Eleventh Circuit.

20. Skaar & Feagle, LLP's practice is almost exclusively in the area of consumer rights litigation.

21. Skaar & Feagle, LLP's practice includes litigation of consumer rights issues in federal and state courts, including primarily cases arising under the Federal Fair Debt Collection Practices Act, Fair Credit Reporting Act and Telephone Consumer Protection Act.

22. Skaar & Feagle, LLP's attorneys have successfully concluded thousands of consumer rights cases.

23. Skaar & Feagle, LLP attorneys are highly experienced in the area of class action litigation.

24. Skaar & Feagle, LLP attorneys have been appointed class counsel in other consumer class actions in this District, including but not limited to: *Freeman v. A.R.M. Solutions, Inc.*, U.S. District Court, N.D. Ga., Civil Action File No. 1:16-cv-00380-JFK (settled FDCPA class over improper collection notice); *Vinson v. FleetCor Tehcnologies, Inc., et al,* U.S. District Court, N.D. Ga., Civil Action File No. 1:14-cv-01939-ELR-LTW (settled FCRA class [final approval pending] over improper notice and adverse action of employees relating to background searches); *Woodward v. Portfolio Recovery Associates, LLC*, U.S. District Court, N.D. Ga., Civil Action File No. 1:14-cv-00078-WEJ (settled FDCPA class over improper use of court forms); *Luster v. Duncan Solutions, Inc.,* U.S. District Court, N.D. Ga., Civil Action File No. 1:14-cv-00112-AT (settled TCPA class over robo dialed collection calls); *Wreyford v. Citizens for Transportation Mobility, Inc.*, U.S. District Court, N.D. Ga., Civil Action File No. 1:12-cv-02524-JFK (settlement TCPA class over robo dialed political calls); *Scruggs v. Crown Realty & Management Corporation et al*, U.S. District Court, N.D.

Ga., Civil Action File No. 1:12-cv-00233-WSD (settled FDCPA class over alleged illegal collection fee); *Hill v. Asset Acceptance, LLC*, U.S. District Court, N.D. Ga., Civil Action File No.1:12-cv-00891-AT (settled FDCPA class over envelope markings); *Davis et al. v. HSI Financial Services, LLC*, U.S. District Court, N.D. Ga., Civil Action File No. 1:09-CV-3700-RWS (settled FDCPA class over voice mail disclosures); *Karen Ray et al. v. Richard D. Clay, II, et al.*, U.S. District Court, N.D. Ga., Civil Action File No. 1:03-CV-1695-BBM (payday loan class settlement reached after referral to arbitration); and *Jennie R. Ehlermann et al. v. Cash Thru Payday, Inc.*, U.S. District Court, N.D. Ga., Civil Action File No. 1:00-CV-1822-MHS (payday loan class settlement reached after winning contested motion for class certification).

25. In addition to the cases noted in the preceding two paragraphs, Skaar & Feagle, LLP attorneys have served as local and/or non-lead counsel in numerous other consumer class actions in this District.

26. Skaar & Feagle, LLP attorneys have taught continuing legal education on consumer rights topics, including but not limited to:

- ▸ Legal Services University, *PRACTICAL SURVEY OF THE FAIR CREDIT REPORTING ACT ("FCRA") FOR LEGAL SERVICES ATTORNEYS*, September 13, 2016.
- ▸ Georgia Trial Lawyers Association, Consumer Law Workshop, *Debt Collection Defense*, Atlanta, Georgia on November 11, 2009
- ▸ Georgia Trial Lawyers Association, 2010 Annual Convention, *Debt Collection Defense and The Fair Debt Collection Practices Act*, Atlanta, Georgia on April 22, 2010
- ▸ Supreme Court Committee on Civil Justice, Administrative Office of the Courts, *Providing First Line Legal Assistance to Seniors, Assisting Seniors with the FDCPA*, Macon, Georgia on June 10, 2010 and Elijay, Georgia on June 25, 2010
- ▸ Institute of Continuing Legal Education in Georgia, Successful Trial Practice, *Consumer Credit Protection Litigation*, Atlanta, Georgia on September 17, 2010
- ▸ Atlanta Volunteer Lawyers, *Debt Collection Defense*, Atlanta, Georgia on March 3, 2010

- ▸ Institute of Continuing Judicial Education in Georgia, 2010 Fall State Court Judge's Conference, *Overview of State Litigation Implications of the Federal Fair Debt Collection Practices Act*, Jekyll Island, Georgia on October 14, 2010
- ▸ Institute of Continuing Legal Education in Georgia, Advanced Debt Collection, *Federal Fair Debt Collection Practices Act,* Atlanta, Georgia on February 24, 2011
- ▸ Georgia Trial Lawyers Association, GTLA Annual Convention, Consumer/Class Actions Program, *Federal Fair Debt Collection Practices Act and Debt Collection Defense*, Atlanta, Georgia on May 5, 2011
- ▸ Telephone Consumer Protection Act at the Georgia Trial Lawyers Association's (GTLA) annual convention.
- ▸ Metro Atlanta Consumer Bankruptcy Group (MACBAG), MACBAG Monthly Diner Meeting, *FDCPA Presentation*, Atlanta, Georgia on May 17, 2012

- ▸ Atlanta Bar Association Elder Law Section, Monthly Breakfast Meeting, *FDCPA Presentation*, Atlanta, Georgia on September 19, 2012
- ▸ Cobb Bar Association Bankruptcy Section, Monthly Lunch Meeting, *FDCPA Presentation*, Marietta, Georgia on November 11, 2012

27. All Skaar & Feagle, LLP attorneys are active members of the National Association of Consumer Advocates, make substantial efforts to remain current on the state of the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act and the Fair Credit Reporting Act as well as related class action issues, and have attended the two most recent National Consumer Law Center's Consumer Rights Litigation Conferences in Tampa Florida in November of 2014 and San Antonio Texas in November of 2015.

28. Prior to filing this action, Skaar & Feagle, LLP attorneys thoroughly investigated the facts and circumstances surrounding both the *Davis* and *Markos* cases.

29. After filing the *Markos* and *Davis* cases, the Defendant responded by removing both cases to this court shortly thereafter.

30. The parties engaged in good faith settlement discussions as early as July of 2015 and they mutually decided they should explore the possibility of a mediated settlement, rather than continue with protracted and expensive litigation.

31. The parties have engaged in extensive informal discovery about such items as class size, damages, and merits analysis. Negotiations between counsel continued until shortly before the motion for preliminary approval was filed.

32. Settlement negotiations were always at arm's length with several members of Wells Fargo's defense team.

33. During the pendency of the litigation, we have expended significant effort to obtain and finalize the settlement with opposing counsel and gain approval from the court.

34. In my view, given all the risks of litigation and the facts and circumstances of this case, the settlement entered between the parties on behalf of the class is fair, reasonable, adequate, and in the best interest of the Settlement Class and should be approved.

35. In my view, given all the risks of litigation and the facts and circumstances of this case, the total attorney fee request of 30% of the gross settlement is

fair, reasonable, adequate, and reasonable in light of similar cases in this district and circuit and also in light of the overall recovery to each class member and should therefore be approved.

36. In my view, the requested incentive awards of $20,000.00 to Mr. Markos, Mr. Page, and Ms. Davis are reasonable, particularly in light of the total benefit afforded the entire class action and the substantial individual offers of judgment they turned down to stand up for the class.

FURTHER DECLARANT SAYETH NOT

Executed on this 24th day of October, 2016.

    /s/ James M. Feagle
    JAMES M. FEAGLE
    DECLARANT