# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Steven L. Markos, Tiffany Davis, and Gregory Page, on behalf of themselves and all others similarly situated,

       Plaintiffs,

  v.

Wells Fargo Bank, N.A.,

       Defendant,

Case No. 1:15-cv-01156-LMM

## DECLARATION OF DOUGLAS J. CAMPION IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR CLASS REPRESENTATIVES

## DECLARATION OF DOUGLAS J. CAMPION

**I, Douglas J. Campion, declare:**

1. I am one of the attorneys for the plaintiffs Steven L. Markos, Tiffany Davis and Gregory Page ("Plaintiffs") in this action filed against defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"). I submit this declaration in support of Class Counsel's Motion for Attorneys' Fees and Costs and For Service Awards.  I am licensed to practice law in California and before all federal courts in California. If called as a witness, I would competently testify to the matters herein from personal knowledge, except where expressly noted otherwise.

2. I am the owner of the Law Offices of Douglas J. Campion, APC, a member in good standing of the bar of the State of California.

3. I have been preliminarily approved as Class Counsel for the proposed settlement class.

### Class Counsel's Experience

4. The Law Offices of Douglas J. Campion, APC has been confirmed as one of the firms acting as Class Counsel for purposes of this action and proceeding with the settlement. I am the only principal and only attorney in my law firm. I was admitted to the State Bar of California in 1977 and have been a member in good standing since that time. Since my admission, I have been engaged in litigation and I have had extensive experience in business litigation prior to working in the class action field. In 1989, I joined the San Diego office of a Philadelphia law firm, Barrack, Rodos & Bacine. Our office engaged in class and derivative litigation exclusively, primarily specializing in

plaintiff's class action securities cases. I resigned from the firm in 1996. Barrack, Rodos & Bacine was often co-counsel with Milberg Weiss Bershad Hynes & Lerach in class actions and litigated the same types of cases.

5.   I feel my experience both in other firms and with my own firm for the past fifteen years supports my request for attorney's fees. A few examples of the cases my prior firm litigated, separately or with co-counsel, and in which I actively participated, are as follows:

    a. The Michael Milken - Drexel securities litigation, with a joint recovery for all plaintiffs of more than a billion dollars;

    b. The savings and loan securities and derivative litigation of the early 1990's, in which I represented or litigated against California Federal, Far West Financial, Financial Corporation of Santa Barbara, Imperial Savings, and others;

    c. Defense contractor over-billing cases, including Lockheed, General Dynamics, and Rockwell International;

    d. A number of health care provider cases including National Health Laboratories;

    e. National Medical Enterprises, ICN Pharmaceuticals, and Pfizer;

    f. Cases against insurance companies including Blue Cross of California, and First Executive Life and its progeny; and

    g. Many other class and derivative actions including L.A. Gear, Countrywide Trucking, and Glen Ivy timeshares, among others.

6.   I have also been lead or co-lead counsel in many other class actions or Business & Professions Code representative actions since I opened my own office over fifteen years ago. Most of those are consumer-

related cases. Some other class or 17200 representative actions in which I was lead or co-lead counsel since I opened my own office in 2001 are the following:

a. Gonzalez, et. al., v. Science Applications International Corporation, et. al. (state court);

b. Warner, et al. v. Computer Education Institute, et al. (state court),

c. Smith v. Microskills (state court);

d. Russell, et al., v. DAT, Inc. dba Laptop Training Solutions (state court);

e. Jared Smith v. Independent Capital Management, Inc., et al. (state court);

f. Orttman and Opyrchal, et al., v. New York Life (federal court);

g. Bowersox v. Laboratory Corporation of America (state court);

h. O'Neal v. NCO Financial Systems, Inc. (federal court);

i. McDonald v. Bonded Collectors, Inc. (federal court);

j. In Re Brocade Derivative Litigation (state court);

k. Kryptonite Locks Coordinated Litigation (state court);

l. Shaw v. Tenet Healthcare Corporation, et al. (federal court);

m. Rodriquez v. Yum Yum Donut Shops, Inc. (state court);

n. Arnn, et al., v. West Coast Aquarium Industries, Inc. (state court);

o. Grant v. American Agencies, Inc. (federal court);

p. Rogers v. Whitney Education Group (state court);

q. Khosorabi v. Nmih Shore Agency, Inc. (federal court);

r. Goins v. Checks Cashed for Less, Inc., et al. (state court);

s. Fanciullo v. CompuCredit dba Aspire VISA (federal court);

t. Kight v. Eskanos & Adler, P.C. (federal court);

u. Gulzynski v. Fidelity Title (federal court);

v. Kight v. CashCall (state court);

w.   Grannan v. Direct Electronics, Inc. (state court);

x.   Bellows v. NCO Financial, Inc. (federal court);

y.   Adams v. AllianceOne, Inc. (federal court);

z.   American Apparel, Inc. Derivative Litigation (federal court);

aa.   Arthur v. Sallie Mae (federal court);

bb.   Meeks v. CreditWest, et. al. (state court);

cc.   Shirdel v. Access Group, Inc. (federal court);

dd.   Malta v. Wells Fargo (federal court);

ee.   Robinson v. Midland Funding, LLC (federal court);

ff.   Bennett v. Discover Bank (federal court);

gg.   Dominici v. Wells Fargo (federal court);

hh.   Hurtado v. Progressive Financial Services (federal court);

ii.   Galbraith v. Resurgent (federal court);

jj.   Rose v. Bank of America (federal court);

kk.   Underwood v. San Diego Flight Training, Inc. (state court);

ll.   In Re Jiffy Lube Multi-District Litigation (federal court).

mm. Sojka, et. al. v. Direct Buy, Inc.

nn.   Johnson v. Bennett Law

oo.   Hoffman v. Bank of America

pp.   Becerra v. National Recovery Solutions, LLC

qq.   Dailey v. John D. Bonewicz, PC

rr.   Burge v. Pinnacle Financial Group, Inc.

ss.   Blair v. CBE Group

7.   I have also had several state court appellate court opinions published in which our side prevailed and for which I was counsel of record and responsible for the appellate work. Those include *CashCall, Inc. v.*

*Superior Court* ("*CashCall I*") (2008) 159 Cal. App. 4th 273; *Smith v. Microskills San Diego L.P.* (2007) 153 Cal. App. 4th 892; and *Kight v. CashCall* (2011) 200 Cal. App. 4th 1377 ("*CashCall II*"). The *CashCall I* case expanded the rights of putative class members to obtain pre-certification class member discovery to subsitute a new class represenative, even when the named plaintiffs had no standing to itially bring the action.   In the *Microskill*s case, the Court of Appeal limited the ability of the defendant vocational school, a third party to an arbitration agreement between the plaintiff student and the student loan lender, to compel a plaintiff to arbitrate their case against the school. The *CashCall II* case reversed summary adjudication and set forth new law in the field of privacy rights, including eavesdropping.

## EXPERIENCE RELEVANT TO THE TELEPHONE CONSUMER PROTECTION ACT

8.   I have filed and litigated many other class actions based on the Telephone Consumer Protection Act in the past seven years.  I have been lead counsel, liaison counsel or class counsel in the TCPA cases obtaining the largest monetary and non-monetary settlements to date. As detailed below, those include *Rose v. Bank of America Corporation, et al.,* 11-CV-02390-EJD (N.D. Cal 2014), settled in excess of $32,000,000; the *Malta v. Wells Fargo* mortgage and auto loan robocalling case, settled in excess of $17,000,000; *Arthur v. Sallie Mae*, settled in excess of $24,000,000; *In Re Jiffy Lube*, settled for certificates/cash, with the certificates valued over $40,000,000 in value, with a reduced cash value if redeemed for cash; and the *Adams*

*v. AllianceOne* case, with a settlement of more than $9,000,000.

9.   The following is a partial list of the TCPA class actions which I am or have been personally involved in:

    a.   *In Re Jiffy Lube Int'l, Inc. Text Spam Litigation*, MDL Case No. 2261, Master Case No. 3:11-MD-02261 – JM- JMA (liaison counsel) (largest combined monetary and certificate for services case to date, approx. $45,000,000 value);

    b.   *Rose v. Bank of America Corporation, et al.,* 11-CV-02390-EJD (N.D. Cal 2014)(Nationwide TCPA class settlement providing class relief to over 6.9 million class members, which created a common fund in the amount in excess of $32 million dollars);

    c.   *Bellows v. NCO Financial Systems, Inc.,* 07-CV-01413 W(AJB) (S.D. Cal) (One of the first class action settlements under the TCPA in the nation; served as co-lead counsel; final approval grated in 2009);

    d.   *Adams v. AllianceOne, Inc.,* 08-CV-0248 JAH (S.D. Cal) (Nationwide TCPA class settlement providing class relief of $40 per claiming class member resulting in over $2,500,000 paid to claiming class members; final approval granted in 2013);

    e.   *Lemieux v. Global Credit & Collection Corp.,* 08-CV-1012 IEG(POR) (S.D. Cal.) (Co-lead counsel on a national TCPA class settlement providing class recovery in the amount of $70 for each claiming class member; final approval granted in 2011);

    f.   *Malta, et al. v. Wells Fargo Home Mortgage, et al.,* 10-CV-1290 IEG(BLM)(Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts;

obtained a common settlement fund in the amount of $17,100,000 which was the second largest TCPA settlement at the time, second only to the *Sallie Mae* settlement; final approval granted in 2013);

g.      *Connor v. JPMorgan Chase Bank, et al.,* 10-CV-1284 GPC(BGS) (S.D. Cal.) (Currently serving as co-lead counsel for the settlement class of borrowers in connection with residential loans and TCPA violations stemming from the collection of those accounts); has turned into a bifurcated proceeding with a settlement of more than $12,000,000, final approval pending);

h.      *Franklin v. Wells Fargo Bank, N.A.,* 14cv2349-MMA-BGS (S.D.Cal.) (Counsel for Plaintiff in connection with TCPA violations arising from credit card loans, resulting in   a settlement of $13,859,103.80);

i.      *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation,* 11-md-2286 MMA(MDD) (S.D. Cal.) (Co-lead counsel)  (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process;  Final Approval hearing on Sept. 30, 2016, final approval of settlement and fees indicated, order pending);

j.      *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation,* 11-md-02295-JAH(BGS) (Counsel for a Plaintiff in the lead action, appointed liaison counsel in the multi-district litigation process, case still proceeding in the MDL litigation and settlement process);

k.      *Arthur v. SLM Corporation*, 10-CV-00198 JLR (W.D. Wash.) (Nationwide settlement achieving the then-largest monetary

settlement in the history of the TCPA: $24,115,000; final approval granted in 2012);

l.        *Wilkins v. HSBC Bank Nevada, N.A.,*  Case No. 1:14-cv-190 (N. D. Ill.) (One of Class Counsel firms, obtained final approval of $39,975.000 settlement, one of the largest TCPA settlements to date);

m.        *Lo v. Oxnard European Motors, LLC, et al.,* 11-CV-1009-JLS-MDD (S.D. Cal.) (Achieving one of the highest class member payouts in a TCPA action of $1,331.25; final approval granted in 2012);

n.        *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.,* 10-01777-AJB-NLS (S.D. Cal.) (Approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00; final approval granted in 2013);

o.        *Robbins, et al. v. Coca Cola Co.,* Case No. 13-cv-00132 – IEG –NLS (S.D. Cal.) (Decision often cited on pleading standards on motions to dismiss in TCPA actions);

p.        *Maier v. JC Penney*, Case No. 13cv0163 IEG (DHB) (S.D. Cal.) (Favorable ruling obtained on requirements for pleading the use of an automatic telephone dialing system; also obtained a separate ruling rejecting the application of Rule 68 offers in the Ninth Circuit).

10.    The cases listed above which have settled have resulted in the creation of combined common funds to class members in the tens of millions of dollars.    I am proud of my record in the above cases that resulted in substantial settlements for consumers.

I declare under penalty of perjury of the laws of California and the United States that the foregoing is true and correct, and that this declaration

was executed in San Diego, CA on October 24, 2016.

By: /s/ Douglas J. Campion

Douglas J. Campion