# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| Steven L. Markos, Tiffany Davis, and Gregory Page, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>Wells Fargo Bank, N.A.,<br><br>      Defendant, | Case No. 1:15-cv-01156-LMM |

**DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF**

**MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND**

**SERVICE AWARDS FOR CLASS REPRESENTATIVES**

## DECLARATION OF JOSHUA B. SWIGART

**I, JOSHUA B. SWIGART, declare:**

1.  I am one of the attorneys for Plaintiffs Steven L. Markos, Tiffany Davis and Gregory Page ("Plaintiffs") in this action filed against defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"). I am over the age of 18 and am fully competent to make this declaration. I have litigated cases in both state and federal courts in California, Washington, Nevada, Arizona, Arkansas, New York, New Jersey, Colorado, Tennessee, Ohio, Florida, Illinois and Texas.  I am admitted in every federal district in California and have handled federal litigation in the federal districts of California. I am also admitted to the state bar of Washington, Michigan, District of Columbia, the Ninth Circuit Court of Appeals, and the Supreme Court of the United States.

2.  If called as a witness, I would competently testify to the matters herein from personal knowledge. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3.  In this action under the Telephone Consumer Protection Act ("TCPA"), I submit this declaration in support of the Class Counsel's Motion for Attorneys' Fees, Costs and Service Awards.

4.  I have been preliminarily approved as Class Counsel for the proposed settlement class.

### CLASS COUNSEL'S EXPERIENCE

5.  Since my admission to the California bar in 2003, I have been engaged exclusively in the area of consumer rights litigation, primarily in the area of fair debt collections, the defense of debt collection lawsuits, and class action litigation under the Telephone Consumer Protection Act,

California's invasion of privacy statutes, under Penal Code § 630 et seq., and false advertising actions concerning consumer products.

6.   My firm, Hyde & Swigart, in which I am a principal, has litigated over 1,000 cases in the past ten years.  My firm has six offices in San Diego, California, Denver, Colorado, Minneapolis, Minnesota, Phoenix, Arizona, Las Vegas, Nevada, and Seattle, Washington. Hyde & Swigart has extensive experience in consumer class actions and other complex litigation. My firm has a history of aggressive, successful prosecution of consumer class actions, specifically under California's invasion of privacy statutes and Telephone Consumer Protection Act. Approximately 95% percent of my practice concerns consumer litigation in general, and approximately 50% percent of my class action practice involves litigating claims under the TCPA.

### EXPERIENCE RELEVANT TO THE TELEPHONE CONSUMER PROTECTION ACT

7.   I have filed and litigated numerous other class actions based on the Telephone Consumer Protection Act in the past four years. The following is a non-exhaustive list of other TCPA class actions which I am or have been personally involved in:

   a.   *Lemieux v. EZ Lube, LLC, et al.,* 12-CV-01791-JLS-WYG (S.D. Cal.) (Served as co-lead counsel; finally approved on December 8, 2014);

   b.   *Malta, et al. v. Wells Fargo Home Mortgage, et al.,* 10-CV-1290-IEG (BLM) (Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts;

obtained a common settlement fund in the amount of $17,100,000; final approval granted in 2013);

c. *Conner v. JPMorgan Chase Bank, et al.*, 10-CV-1284 DMS (BGS) (S.D. Cal.) (finally approved $11,973,558);

d. *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, 11-md-2286-MMA (MDD) (S.D. Cal.) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; preliminarily approved for $18,000,000);

e. *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation,* 11-md-02295-JAH (BGS) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; preliminarily approved);

f. *Arthur v. SLM Corporation*, 10-CV-00198 JLR (W.D. Wash.) (Nationwide settlement achieving the then-largest monetary settlement in the history of the TCPA concerning calls to cellular telephone at the time: $24.15 million; final approval granted in 2012);

g. *Lo v. Oxnard European Motors, LLC, et al*., 11-CV-1009-JLS-MDD (S.D. Cal.) (Achieving one of the highest class member payouts in a TCPA action of $1,331.25 per claimant; final approval granted in 2012);

h. *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.) (Approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class

members each received payment in the amount of $70.00 per claimant; final approval granted in 2013);

i.  *Barani v. Wells Fargo Bank, N.A.*, 12-CV-02999-GPC (KSC) (S.D. Cal.) (Co-lead class counsel in a settlement under the TCPA for the sending of unauthorized text messages to non-account holders in connection to wire transfers; finally approved on March 6, 2015 for over $1,000,000);

j.  *Mills v. HSBC Bank Nevada, N.A.*, Case No. 12-CV-04010-SI (N.D. Cal.) (Finally approved for $39,975,000);

k.  *Newman v. ER Solutions, Inc.*, 11-CV-0592H (BGS);

l.  *In Re Jiffy Lube International, Inc.*, MDL No. 2261 (Finally approved for $47,000,000.00);

m.  *Jaber v. NASCAR*, 11-CV-1783 DMS (WVG) (S.D. Cal.);

n.  *Ridley v. Union Bank, N.A.*, 11-CV-1773 DMS (NLS) (S.D. Cal.);

o.  *Ryabyshchuk v. Citibank (South Dakota) N.A., et al,* 11-CV-1236-IEG (WVG);

p.  *Sherman v. Kaiser Foundation Health Plan, Inc*., 13-CV-0981-JAH (JMA) (S.D. Cal.) (Settled for $5,350,000 and finally approved on May 12, 2015; served as co-lead counsel);

q.  *Rivera v. Nuvell Credit Company LLC*, 13-CV-00164-TJH-OP (E.D. Cal.);

r.  *Karayan v. Gamestop Corp.,* 3:12-CV-01555-P (N.D. Texas);

s.  *Foote v. Credit One Bank, N.A. et al.*, 13-cv-00512-MWF-PLA (C.D. Cal.);

t.  *Webb v. Healthcare Revenue Recovery Group*, 13-cv-00737–RS (N.D. Cal.);

u. *Couser v. Comenity Bank*, 12-cv-02484-MMA-BGS (S.D. Cal. Oc. 2, 2014) (Finally approved for $8,475,000 on May 27, 2015 as served as co-lead counsel);

v. *Couser v. Apria Healthcare, Inc. et al.*, 13-cv-00035-JVS-RNB (C.D. Cal. Oct. 27, 2014) (Finally approved on March 9, 2015 and served as co-lead counsel);

w. *Rose v. Bank of America Corporation et al.*, 12-cv-04009-EJD (N.D. Cal.) (Finally approved for $32,000,000 in 2014);

x. *Newman v. AmeriCredit Financial Services*, 11-cv-03041-DMS-BLM (S.D. Cal.) (finally approving TCPA settlement for over $6,500,000 on March 28, 2016);

y. *Fox v. Asset Acceptance, LLC*, 14-cv-00734-GW-FFM (C.D. Cal. July 1, 2016) (finally approved TCPA class action for $1,000,000; $200,000 cash and $800,000 debt relief);

z. *Abdeljalil v. GE Capital Retail Bank*, 12-cv-02078−JAH−MDD (S.D. al.) (Class Certification granted and preliminarily approved for $7,000,000);

aa. *Barrett v. Wesley Financial Group, LLC*, 13-cv-00554-LAB-KSC (S.D. Cal.) (Class certification granted); and,

bb. *Gehrich v. Chase Bank, N.A.*, 12-cv-5510 (N.D. Cal.) (finally approved for $34,000,000).

8. Many of the cases listed above, which have settled, have resulted in the creation of combined common funds and/or distribution to class member in the tens of millions of dollars.   The outstanding results mentioned above are a direct result of the diligence and tenacity shown by both myself and Hyde & Swigart, in successfully prosecuting complex class actions.

HYDE & SWIGART'S OTHER
CONSUMER RELATED EXPERIENCE AND RESULTS

9.   Hyde & Swigart has extensive experience in other consumer related issues, including the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act and other related consumer statutes.   A brief summary of a non-inclusive list of notable published decisions are as follows:

   a.   *Knell, et al. v. FIA Card Services, N.A.*, 13-CV-01653-AJB-WVG (S.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy.  Settlement resulted in a common fund in the amount of $2,750,000; finally approved in August 15, 2014);

   b.   *Hoffman v. Bank of America Corporation*, 12-CV-00539-JAH-DHB (S.D. Cal.) (California class action settlement under Penal Code 632 *et seq.*, for claims of invasion of privacy.   Settlement resulted in a common fund in the amount of $2,600,000; finally approved on November 6, 2014 and served as co-lead counsel);

   c.   *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

   d.   *Olney v. Progressive Casualty Insurance Company*, 13-CV-2058-GPC-NLS, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.) (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

e. *Iniguez v. The CBE Group, Inc.*, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.); 13-CV-00843-JAM-AC (The court denied Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS);

f. *Macias v. Water & Power Community Credit Union*, BC515936 (Los Angeles Superior Court) (Class certification granted under the Rosenthal Fair Debt Collection Practices Act; class action settlement preliminarily approved on November 10, 2015); and,

g. *Mount v.* Wells Fargo Bank, N.A., BC395959 (Sup. Ct. Los Angeles) (finally approved for $5,600,000).

## ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS

10. I have undergone extensive training in the area of consumer law and the Telephone Consumer Protection Act. The following is a list of recent training conferences I have attended:

a. National Consumer Law Conference; Oakland, CA – 2003;

b. National Consumer Law Conference (FDCPA Mini-Conference); Kansas City, MO – 2004;

c. National Consumer Law Conference; Boston, MA – 2004;

d. Five-day extensive one-on-one training with The Barry Law Office; San Diego, CA – 2005;

e. Three-day FDCPA Mini-Conference; Minneapolis, MN – 2005;

f. Four-day extensive one-on-one training with The Barry Law Office; Minneapolis, MN – 2005;

g. Four-day National Association of Consumer Advocates Conference; Minneapolis, MN – 2005;

h.   Four-day National Consumer Law Center Conference; Nashville, TN – 2008;

i.   Three-day National Consumer Law Center Conference; Portland, Or – 2008;

j.   Speaker at a Three-day National Consumer Law Center Conference; San Diego, CA – 2009;

k.   Speaker ABA/JAG presentation to military service members and counsel; MCRD, San Diego CA – 2010;

l.   Speaker ABA teleconference on defending consumer credit card debt and related issues; San Diego, CA – 2010;

m.   Three-day National Consumer Law Center Conference; Seattle, WA – 2011;

n.   Two-day FDCPA Mini-Conference; New Orleans; LA – 2012;

o.   Two-day National Consumer Law Center Conference on the FDCPA; Seattle, WA – 2012;

p.   National Consumer Law Center Conference, National Convention; Baltimore, MD – 2013;

q.   Speaker ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA – 2013;

r.   Speaker National Consumer Law Center; Nuts and Bolts of TCPA Litigation; San Antonio, TX – 2014;

s.   Speaker San Diego County Bar Association; Convergence of the FDCPA and Consumer Bankruptcy; San Diego, CA – 2014;

t.   Guest Speaker at California Western School of Law; Consumer Law – 2014;

u.   Speaker at NCLC; Miami, FL – 2015;

    v.   Speaker at NACA; San Antonio, TX – 2015; and,

    w.   Speaker Three-day FDCPA Mini-Conference; Miami, FL – 2016.

11. I have been requested to, and have made, regular presentations to community organizations regarding debt collection laws. The following are a few examples of such presentations:

    a.   California Western School of Law, 2005;

    b.   Canyon Springs High School, Moreno Valley, CA 2003-2008; Careers in the legal field;

    c.   Guest speaker on national talk radio. Topic: the passage of House Bill allowing the IRS to send past due consumer tax bills to private debt collection firms;

    d.   Regular host on 103.7 Free FM on the radio show Know The Law. Topics addressing specific collection issues. Appearances number more than ten shows;

    e.   Department of Defense; JAG Office, Naval Station San Diego (2006);

    f.   Department of Defense; JAG Office, Naval Station San Diego, relevant Fair Credit Reporting issues and the Fair Debt Collection Practices Act (2008);

    g.   American Bar Association – Legal Assistance for Military Personnel, Naval Station – North Island (2008);

    h.   National Consumer Law Center -E-Discovery issues – San Diego (2009);

    i.   National Association of Retail Collection Attorneys – Prosecuting consumer cases – San Francisco (2009);

j.    American Bar Association – Seminar on defending consumer collection cases (2010);

k.    Military Law Committee (MCRD) – Representing military service members in consumer related issues – San Diego (2010);

l.    Speaker at a Three-day National Consumer Law Center Conference; San Diego, CA – 2009;

m.    Speaker at an ABA/JAG presentation to military service members and counsel; MCRD, San Diego – 2010;

n.    Speaker at an ABA teleconference on defending consumer credit card debt and related issues; San Diego, CA – 2010;

o.    Speaker ABA on Conducting and Managing Internal Investigations of Financial Institutions; National ABA Conference; San Francisco – 2013.

12. I am a member in good standing of the following local and national associations:

a.    National Association of Consumer Advocates;

b.    Federal Bar Association;

c.    Consumer Attorneys of California;

d.    San Diego County Bar Association;

e.    Riverside County Bar Association;

f.    San Bernardino County Bar Association;

g.    Enright Inns of Court (2011-2014);

h.    American Association for Justice.

13. I have been appointed class counsel in several class actions brought under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (TCPA). My practice involves significant TCPA litigation and I am or

have been counsel in significant national TCPA class actions including, but not limited to, class actions against Bank of America, Chase, Wells Fargo and Comenity Bank, to mention a few.

I declare under penalty of perjury under the laws of Georgia and the United States of America that the foregoing is true and correct, and that this declaration was executed on November 17, 2016.

By:/s/ Joshua B. Swigart
Joshua B. Swigart