# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STEVEN L. MARKOS, TIFFANY DAVIS, and GREGORY PAGE, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　Defendant, | Case No. 1:15-cv-01156-LMM |

**PLAINTIFFS' MOTION TO STRIKE THE OBJECTION FILED BY WANDA YDE OR, IN THE ALTERNATIVE,
TO REQUIRE HER ATTORNEY CHRISTOPHER BANDAS
TO ENTER A NOTICE OF APPEARANCE; MEMORANDUM IN SUPPORT**

1333212.4

1

## I. Introduction

Plaintiffs respectfully move to strike the objection filed by Wanda Yde (Dkt. No. 56). Ms. Yde's objection, although filed *pro se*, acknowledges that she "is represented by and has sought legal advice and assistance in this matter" from Christopher Bandas, a notorious serial objector. *Id.* at 4. Mr. Bandas has subsequently confirmed that Objector Yde is his client and that he represents her in this case. Yet, Bandas has not entered an appearance on her behalf in this case.

Bandas's ghostwriting is a transparent attempt to evade this Court's jurisdiction, and is part of a long-standing, well-documented pattern of similar misconduct by Bandas. Already in this case, he has attempted to unilaterally dictate improper and unreasonable limits on the scope and length of Ms. Yde's deposition, a deposition which this Court's Order expressly permits. This Court should strike the Yde objection or, in the alternative, require Mr. Bandas to enter an appearance.

Plaintiffs want to be clear: they do not seek by this motion to dissuade the Court from considering the substance (or lack thereof) of Ms. Yde's ghostwritten objection. The Court has the discretion to, and should, consider all objections, whether advanced for proper purposes or not. Indeed, Plaintiffs addressed the bases of Yde's objection substantively in their prior response, and detailed why the

Court should overrule it on the merits. *See* Dkt. No. 59-2 at 9-20. Rather, Plaintiffs request this relief to prevent Mr. Bandas from purposefully avoiding submitting himself to this Court's jurisdiction so as to avoid compliance with its rules.

## II.     Background

On September 7, 2016, this Court stated in its Amended Preliminary Approval Order that "[t]he Parties will have the right to depose any objector . . . ." (Dkt. No. 47, at ¶ 15.)  In addition, the addendum to the settlement agreement that this Court preliminary approved provides:   "Any and all objections shall identify any lawyer that represents the objecting Settlement Class Member as to this case or such objection." (Dkt. No. 42-1 at § 10.03.)

On November 25, 2016, absent class member Wanda Yde filed a purportedly *pro se* objection to the Settlement. (Dkt. No. 56.)  In it, she acknowledged that she "is represented by and has sought legal advice and assistance in this matter" from Christopher Bandas, a notorious serial objector. *Id.* at 4.  However, Mr. Bandas, an attorney, has not appeared on her behalf in this case, nor has he sought admission *pro hac vice*.

On December 13, 2016, Plaintiffs issued a subpoena to Ms. Yde from this Court to depose her pursuant to the Court's Amended Preliminary Approval Order.

Ex. 1 (Hutchinson Decl.) at ¶ 3 & Ex. A.  Plaintiffs did so in part due to Mr. Bandas's track record of filing objections that do not reflect the views of his clients.  *See, e.g., Chambers v. Whirlpool Corp.*, No. 11-1733, 2016 WL 5922456, at *8 (C.D. Cal. Oct. 11, 2016), *appeals filed* (9th Cir. Nos. 16-56666, 16-58884, 16-58886, 16-56688, 16-56694).  The subpoena set a deposition in Corpus Christi, Texas, a location only a short distance from both Ms. Yde's home and Mr. Bandas's office.  *Id.*  After Class Counsel became concerned that Ms. Yde was evading service, counsel asked Mr. Bandas whether he would accept service.  *Id.* at ¶¶ 4-5 & Ex. B.  Class Counsel also stated that they would cooperate with Mr. Bandas in identifying a date and time for the deposition to proceed convenient to Ms. Yde and Mr. Bandas.  *Id.*

   Mr. Bandas responded that he was "[h]appy to accept service" and confirmed that "we will cooperate fully."  *Id.* at ¶ 6 & Ex. C.  It became apparent that Mr. Bandas (and, by extension, Ms. Yde) had no intention of cooperating.  Although the subpoena for which Mr. Bandas accepted service issued from this Court, Mr. Bandas stated that "any discovery issues pertaining to this deposition have to be brought before the Court in the Southern District, Corpus Christi Division."  *Id.*  He further stated that "the Court here routinely limits objector depositions to 45 minutes" and that "to the extent you seek to depose my client

beyond standing and the basis for her objection, we will bring a motion for sanctions against you, your client, and your firm." *Id.*

Class Counsel asked Mr. Bandas to confirm whether Ms. Yde could appear for the date, time, and location noticed, and informed Mr. Bandas that counsel would respond to his other inquiries once the date was set. *Id.* at ¶ 8 & Ex. D. Mr. Bandas responded with a barrage of after-hours emails and a phone call insisting that the parties meet and confer immediately. *Id.* at ¶¶ 9-10 & Exs. E, F, G, H, I, J, K, L, & M. His emails threatened that, if counsel did not speak with him immediately, he would unilaterally close the meet and confer. *Id.*

After meeting and conferring further, Mr. Bandas did not provide any dates of availability for Ms. Yde, confirmed that he plans to limit the scope of any deposition, and insisted that any deposition not last more than one hour. *Id.* at ¶¶ 11 & Exs. O-T.

Mr. Bandas's agreement to accept service on Ms. Yde's behalf and references to Ms. Yde as his "client" establish indisputably that Mr. Bandas has an attorney-client relationship with Ms. Yde and represents her with respect to her objection in this case.

### III. Mr. Bandas Is A Well-Known Professional Objector Who Files Baseless Objections To Hold Settlements Hostage And Extort Money From Plaintiffs' Attorneys.

Mr. Bandas is a professional objector. *See* https://www.serialobjector.com/persons/4. Professional objectors like Bandas are grifters: "lawyers who file stock objections to class action settlements—objections that are most often nonmeritorious—and then are rewarded with a fee by class counsel to settle their objections." *In re Elec. Books Antitrust Litig.*, 639 F. App'x 724 (2d Cir. 2016) (citation and internal punctuation omitted); *see also In re: Whirlpool Corp. Front-loading Washer Prod. Liab. Litig.*, No. 1:08-WP-65000, 2016 WL 5338012, at *21 n.18 (N.D. Ohio Sept. 23, 2016) ("A few serial objectors offer relevant arguments and file well-researched legal briefs, but many are pure grifters who make any argument they can think of."). These professional objectors file meritless objections just to try to extract payments for themselves by threatening years of delay and expense on appeal:

> Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic realities, professional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost.

*Barnes v. FleetBoston Fin. Corp.*, No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072, *3-4 (D. Mass. Aug. 22, 2006); *see also Vollmer v. Selden,* 350 F.3d 656, 660 (7th Cir. 2003) (improper to file objection to "cause expensive delay in the hope of getting paid to go away").  Bandas has repeatedly been reprimanded by courts for filing objections not "to effectuate changes to settlements, but . . . for his own personal financial gain; he has been excoriated by Courts for this conduct." *In re Cathode Ray Tube Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012).  His objections are regularly dismissed as unfounded.  *See, e.g.*, *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09-1088, 2013 WL 5275618, at *5 (S.D. Cal. Sept. 17, 2013) (striking Mr. Bandas's objections and finding that they "were filed for the improper purpose of obtaining a cash settlement in exchange for withdrawing the objections"); *In re Wal-Mart Wage & Hour Emp't Prac. Litig.,* No. 06-00225, 2010 U.S. Dist. LEXIS 21466, at *16-17 (D. Nev. Mar. 8, 2010) (finding that Mr. Bandas had submitted objections that were "not supported by law or the facts and are indeed meritless" and that he had "a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class").

Just recently, Bandas was reprimanded for filing an objection without even speaking to his client and making attacks on the settlement contradicted by his client during her deposition. *See Chambers*, 2016 WL 5922456, at *8. And just this month, Bandas's course of conduct was the subject of a RICO complaint filed against him and his collaborators. *See Edelson PC v. The Bandas Law Firm PC*, No. 1:16-cv-11075, Dkt. No. 1 (N.D. Ill.).

Accordingly, "when assessing the merits of an objection to a class action settlement, courts consider the background and intent of objectors and their counsel, particularly when indicative of a motive other than putting the interest of the class members first." *Dennis v. Kellogg Co.,* No. 09-cv-1786, 2013 U.S. Dist. LEXIS 163118, at *11 n.2 (S.D. Cal. Nov. 14, 2013); *In re Law Office of Jonathan E. Fortman, LLC*, No. 4:13MC00042, 2013 U.S. Dist. LEXIS 13903, at *3 (E.D. Mo. Feb. 1, 2013) (same).[1] Mr. Bandas should be required to file his appearance so that he will be under this Court's jurisdiction, disciplinary and otherwise.

---

[1] The respected authors of Newberg on Class Actions observe that filing objections to class settlements has become a "big business." ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS 11:55 (4th Ed. 2008); *see also* § 15:37 (entitled Abusive Conduct by Counsel Objecting to Class Action Settlements). UCLA law professor William Rubenstein has written that "[t]his part of the profession has arguably attracted lawyers more interested in coercing a fee than in correcting a wrong." WILLIAM B. RUBENSTEIN, THE FAIRNESS HEARING: ADVERSARIAL AND REGULATORY APPROACHES, 53 UCLA L.REV. 1435, 1459 (2006) (citations omitted). Professor Ed Brunet bluntly characterizes professional objectors as "warts on the class action process" and "bottom feeders." EDWARD

*Footnote continued on next page*

### IV. Local Rule 83 Governs The Conduct Of Attorneys Practicing Before This Court.

Local Rule 83 requires that non-resident attorneys who are not active members of the Georgia Bar "*must* apply in writing for permission to appear *pro hac vice* in any case in which the attorney will appear in court on behalf of a party, apply for fees, sign his or her name to a document filed with the Court, *or otherwise substantially participate in preparing or presenting a case*." (emphases added). All attorneys practicing before this Court must abide by this Court's rules and the Georgia Rules of Professional Conduct. L.R. 83.1-C ("All lawyers practicing before this court shall be governed by and shall comply with the specific rules of practice adopted by this court and, unless otherwise provided, with the Georgia Rules of Professional Conduct contained in the Rules and Regulations of the State Bar of Georgia and with the decisions of this court interpreting these rules and standards."); *see also Saint Vil v. Perimeter Mortg. Funding Corp.*, No. 1:14-cv-01428-MHC-RGV, 2016 U.S. Dist. LEXIS 154930, at *3 (N.D. Ga. Mar. 17, 2016) (citing *In re Dreamplay, Inc.*, 534 B.R. 106, 121 (Bankr. D. Md. 2015)) (striking all papers that an unlicensed attorney participated in preparing, among other sanctions).

---

*Footnote continued from previous page*
BRUNET, CLASS ACTION OBJECTORS: EXTORTIONIST FREE RIDERS OR FAIRNESS GUARANTORS, 2003 U. CHI. LEGAL F. 403, 409 (2003).

Once a *pro se* litigant appears through counsel, the litigant may not subsequently appear *pro se* again unless the attorney obtains an order of substitution from the Court.  L.R. 83.1-D.2. ("**Pro se Appearance Limitations.** Whenever a party has appeared by attorney, the party may not thereafter appear or act in the party's own behalf in the action or proceeding or take any step therein unless the party has first given notice of the party's intention to the attorney of record and to the opposing party and has obtained an order of substitution from the court.").

Therefore, the Local Rules require that Mr. Bandas either apply for admission *pro hac vice* or that he remove himself entirely from these proceedings.

V.   **Mr. Bandas Files Ghostwritten Objections To Evade Courts' Jurisdiction.**

"Ghostwriting pleadings for *pro se* litigants is, of course, wholly inappropriate and potentially sanctionable conduct."  *Bernal v. Rodriguez*, No. 16-00152, 2016 WL 1610597, at *3 (C.D. Cal. Apr. 20, 2016)); *see also Ayvazian v. Moore Law Grp.*, No. 12-015016, 2012 WL 2411181, at *4 (C.D. Cal. June 26, 2012) ("The Court reminds the Plaintiff that the practice of 'ghostwriting' violates the rules of professional conduct, and undermines the litigant's status as *pro se*"); *Walker v. Pac. Maritime Assoc.*, No. 07-3100, 2008 WL 1734757, at *2 (N.D. Cal.

Apr. 14, 2008) (noting that ghostwriting is prejudicial to opponents and "frustrates" the application of Federal Rule of Civil Procedure 11); *Anderson v. Kohl's Corp.*, No. 12-00822, 2013 WL 1874812, at *2 (W.D. Pa. May 3, 2013) ("If a lawyer helped [Plaintiff file her pleadings], he or she needs to enter their appearance on her behalf, as ghostwriting is not permitted.").

Mr. Bandas's ghostwriting is especially pernicious because it enables him to avoid answering for his conduct before the courts in whose cases he seeks to interefere for improper personal gain. Mr. Bandas's evasion of this Court's jurisdiction threatens the very integrity of the proceedings, and frustrates the Court's ability—and duty—to oversee the litigation pending before it, as well as the lawyers involved therein. In a currently pending case in the Southern District of New York, Mr. Bandas ghost-authored a frivolous objection (just as he has done in this case). Ex. 1 (Hutchinson Decl.) at Ex. N, at 4. At the sanctions hearing, Mr. Bandas told the court that, as he "unders[tood] the law . . . representing someone and preparing paper and making an appearance in a particular case, those are different things." *Id.* at 18. Bandas articulated his view that by failing to enter an appearance, he immunized himself against any court oversight or motion for sanctions. *Id.* at 21 ("I am not before the Court, your Honor, with respect to sanctions."). When class counsel filed such a motion, Mr. Bandas simply ignored

it. *Id.* at 21-22. When the court pressed Mr. Bandas on whether and when he demands payment for withdrawing objections, Bandas had a convenient case of amnesia. *Id.* at 24 ("The Court: Are you seriously telling me you don't remember? Mr. Bandas: I am seriously telling you I don't remember, your Honor. The Court: That does not have the ring of truth."). This practice of ghostwriting objections but not appearing is not unusual for Bandas. *See also In re Hydroxycut Mkt. & Sales Prac. Litig.*, No. 09-2087, 2014 WL 815394, at *3 (S.D. Cal. Mar. 3, 2014) (declining to impose Rule 11 sanctions for an improper objection because it was "doubtful whether the Court has jurisdiction to sanction Mr. Bandas," but threatening to refer Mr. Bandas "to the State Bar of Texas's Commission for Lawyer Discipline").

Plaintiffs respectfully request that the Court not permit Objector Yde and Mr. Bandas to subvert the Court's jurisdiction here. If Ms. Yde wants to pursue her objection, her lawyer must make an appearance and subject himself to the Court's jurisdiction and oversight. Otherwise, her objection should be stricken.

## VI. Conclusion

In this case, Bandas's ghostwriting is a run-around the *pro hac vice* rules and deprives this Court of the ability to supervise the conduct of an attorney practicing in front of it. Plaintiffs respectfully request that the Court strike the Yde objection

unless Mr. Bandas enters an appearance.  A proposed order is attached for the Court's consideration.

                                        Respectfully submitted,

Dated:  December 21, 2016.    By:   /s/ James M. Feagle

                                        SKAAR & FEAGLE, LLP
                                        James M. Feagle
                                        Georgia Bar No. 256916
                                        Email: Jfeagle@skaarandfeagle.com
                                        2374 Main Street, Suite B
                                        Tucker, GA 30084
                                        Telephone: (404) 373-1970
                                        Facsimile: (404) 601-1855

                                        Justin T. Holcombe
                                        Georgia Bar No. 552100
                                        Email: jholcombe@skaarandfeable.com
                                        Kris Skaar
                                        Email: krisskaar@aol.com
                                        133 Mirramont Lake Drive
                                        Woodstock, GA 30189
                                        Telephone: (770) 427-5600
                                        Facsimile: (404) 601-1855 fax

LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
Jonathan D. Selbin (*pro hac vice*)
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Daniel M. Hutchinson (*pro hac vice*)
Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Andrew R. Kaufman (*pro hac vice*)
Email: akaufman@lchb.com
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

BURKE LAW LLC
Email: Alexander H. Burke (*pro hac vice*)
Aburke@BurkeLawLLC.com
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289

*Co-Lead Class Counsel*

MEYER WILSON CO., LPA
Matthew R. Wilson (*pro hac vice*)
Email: mwilson@meyerwilson.com
Michael J. Boyle, Jr. (*pro hac vice*)
Email: mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

LAW OFFICES OF DOUGLAS J. CAMPION, APC
Douglas J. Campion (*pro hac vice*)
Email: doug@djcampion.com
17150 Via Del Campo, Suite 100
San Diego, CA 92127
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

KEOGH LAW, LTD.
Keith Keogh (*pro hac vice*)
Email: keith@koeghlaw.com
55 W. Monroe, Ste. 3390
Chicago, IL 60603
Telephone: 312-265-3258
Facsimile: 312-726-1093

GREENWALD DAVISON RADBIL PLLC
Michael L. Greenwald (*pro hac vice*)
Email: mgreenwald@gdrlawfirm.com
5550 Glades Rd., Suite 500
Boca Raton, FL 33431
Telephone: (561) 826-5477
Facsimile: (561) 961-5684

1333212.4                           15

>Aaron D. Radbil (*pro hac vice*)
>Email: aradbil@gdrlawfirm.com
>106 East Sixth Street, Suite 913
>Austin, TX 78701
>Telephone: (512) 322-3912
>Facsimile: (561) 961-5684
>
>KAZAROUNI LAW GROUP, APC
>Abbas Kazerounian (*pro hac vice*)
>Email: ak@kazlg.com
>245 Fischer Avenue, Unit D1
>Costa Mesa, CA 92626
>Telephone: (800) 400-6806
>Facsimile: (800) 520-5523
>
>HYDE & SWIGART
>Joshua B. Swigart, Esq. (*pro hac vice*)
>josh@westcoastlitigation.com
>2221 Camino del Rio South, Suite 101
>San Diego, CA 92108
>Telephone: (619) 233-7770
>Facsimile: (619) 297-1022
>
>*Additional Class Counsel*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1.C and 7.1.D of the Northern District of Georgia, that the foregoing was prepared in 14-point Times New Roman Font.

December 21, 2016.

/s/   Andrew R. Kaufman

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.  A separate copy will be served today by Federal Express to Objector Yde and her attorney Christopher Bandas along with a courtesy copy to Mr. Bandas by email.

December 21, 2016.

/s/     Andrew R. Kaufman