# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Steven L. Markos, Tiffany Davis, and Gregory Page, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>Wells Fargo Bank, N.A.,<br><br>      Defendant, | Case No. 1:15-cv-01156-LMM |

**DECLARATION OF DANIEL M. HUTCHINSON IN
SUPPORT OF
PLAINTIFFS' MOTION TO STRIKE THE OBJECTION FILED BY
WANDA YDE OR, IN THE ALTERNATIVE,
TO REQUIRE HER ATTORNEY CHRISTOPHER BANDAS
TO ENTER A NOTICE OF APPEARANCE**

Pursuant to 28 U.S.C. § 1746, I, Daniel M. Hutchinson, declare as follows:

1. I am a partner in the law firm of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), Court-appointed co-lead Class Counsel in this matter. I am a member in good standing of the bar of the State of California; the United States District Courts for the Central, Northern, and Southern Districts of California; the

1333303.1

United States District Court for the Eastern District of Wisconsin; and the U.S. Courts of Appeals for the First, Third, Fourth, and Ninth Circuits.

2.     I have been one of the lawyers responsible for the prosecution of Plaintiffs' claims on behalf of the Class.  I respectfully submit this declaration in support of Plaintiffs' Motion.  Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

3.     On December 13, 2016, my office issued a subpoena to objector Wanda Yde from the United States District Court for the Northern District of Georgia to depose her pursuant to the Court's Preliminary Approval Order.  A true and correct copy of that deposition subpoena is attached hereto as Exhibit A.

4.     Our process server reported that, despite several attempts to serve Ms. Yde, they were unable to serve her.  I therefore became concerned that Ms. Yde was attempting to avoid service.

5.     Since attorney Christopher Bandas ghost-wrote Ms. Yde's objection, on December 19, 2016, I reached out to Mr. Bandas to ask whether he would accept service.  A true and correct copy of my email to Mr. Bandas is attached as Exhibit B.

- 3 -

6. Within an hour, Mr. Bandas promptly responded that he was "[h]appy to accept service" and confirmed that "we will cooperate fully". However, although the subpoena issued from this Court, Mr. Bandas stated that "any discovery issues pertaining to this deposition have to be brought before the Court in the Southern District, Corpus Christi Division". Mr. Bandas further stated that "the Court here routinely limits objector depositions to 45 minutes" and that "to the extent you seek to depose my client beyond standing and the basis for her objection, we will bring a motion for sanctions against you, your client, and your firm". A true and correct copy of Mr. Bandas' email to me is attached as Exhibit C.

7. Mr. Bandas' agreement to accept service on Ms. Yde's behalf and his references to Ms. Yde as his "client" clearly established that Mr. Bandas has an attorney-client relationship with Ms. Yde.

8. I responded by asking Mr. Bandas to confirm whether Ms. Yde could appear for the date, time, and location noticed, and informing Mr. Bandas that I would respond to his other inquiries once we determine a date for the deposition. A true and correct copy of my email to Mr. Bandas is attached as Exhibit D.

9. Mr. Bandas responded with a series of after-hours emails and a telephone call insisting that we meet and confer immediately. His emails

suggested that, if I did not speak with him immediately, he would unilaterally close the meet and confer. True and correct copies of Mr. Bandas's emails and phone message to me are attached as Exhibits E, F, G, H, I, and J.

10. I responded by telling Mr. Bandas that, although I was unable to speak with him that evening, I was of course willing to do so at a mutually convenient time. True and correct copies of Mr. Bandas's emails to me are attached as Exhibits K, L, and M.

11. Today, Mr. Bandas and I completed our meet and confer. Mr. Bandas did not provide any dates of availability for Ms. Yde, confirmed that he plans to limit the scope of any deposition, and insisted that any deposition not last more than one hour. True and correct copies of our email correspondence and Mr. Bandas's phone message to me are attached as Exhibits N, O, P, Q, R, S, and T.

12. The exhibits to this Declaration are a complete record of my correspondence with Mr. Bandas.

13. A copy of the transcript of proceedings in *Garber v. Office of the Comm'r of Baseball*, No. 12-3704, Dkt. No. 596 (S.D.N.Y. July 14, 2016), is attached as Exhibit U. The copy is as it appears on the docket.

I declare under penalty of perjury that the foregoing is true and correct.

- 5 -

Executed this the 21st day of December, 2016 in San Francisco, CA.

                                          */s/ Daniel M. Hutchinson*
                                          Daniel M. Hutchinson