IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| STEVEN L. MARKOS, *et al*,  § | |
| § | |
| Petitioners,  § | |
| VS.  § | MISC. NO. 2:16-MC-1398 |
| § | UNDERLYING LITIGATION |
| WELLS FARGO BANK, N.A.,  § | PENDING IN N.D. GEORGIA |
| § | 1:15-CV-1156-LMM (N.D. GA.) |
| Respondent.  § | |

## ORDER

The Court is in receipt of Wanda Yde's Motion to Quash Deposition and Subpoena Duces Tecum and Motion for Protective Order, Dkt. No. 1, as well as Yde's Amended Motion, Dkt. No. 5.

Yde is an Objector in *Steven L. Markos, et al. v. Wells Fargo Bank, N.A.*, 1:15-CV-1156-LMM ("*Markos*"), a class action pending before the United States District Court for the Northern District of Georgia. A settlement in *Markos* ("Settlement") was preliminarily approved by the Honorable Leigh Martin May on September 7, 2016. *See* Dkt. No. 10 at 2. Yde filed a *pro se* objection to this Settlement on November 25, 2016, in which she stated that "[a]ttorney Christopher Bandas represents Ms. Yde and assisted her in preparing her objection." Dkt. Nos. 1, 5 at 2; s*ee* Dkt. No. 5, Ex. 1. On December 13, 2016, attorneys representing the *Markos* Plaintiffs ("Class Counsel") issued a subpoena to Yde for a deposition and a subpoena duces tecum. Dkt. No. 10-1 at 2. Class Counsel attests that their process server was unable to serve Yde directly "despite several attempts." *See* Dkt. No. 10-1 at 3. Thereafter, in a September 19, 2016 email to Class Counsel, Bandas confirmed that he was "[h]appy to accept service" on her behalf.[1] *Id*. On December 23, 2016, Yde filed a motion to quash the deposition sought by Class Counsel and a motion for a protective order to limit the scope of this deposition. Dkt. No. 1. In her

---

[1] There is no record of any other attempt to serve Yde, nor has any question been raised as to Bandas' authority to accept service on her behalf.

motion, Yde stated that she has retained "[a]ttorneys at the Corpus Christi Law Firm of Huseman & Stewart, PLLC. . . for the limited purpose of presenting [her] for deposition and making objections with regard to the subpoena duces tecum." Dkt. Nos. 1, 5 at 2. Yde filed a supplement to this motion on December 28, 2016, Dkt. No. 4, and then on December 30, 2016 amended her motion to certify that it was served on Class Counsel, Dkt. No. 5. Class Counsel responded to Yde's amended motion on December 30, 2016, Dkt. No. 10, and Yde filed a reply brief on January 2, 2017, Dkt. No. 11.

In the order preliminarily approving the *Markos* Settlement, the presiding Judge stated that the parties "have the right to depose any objector to assess whether the objector has standing." *Id.* at 3. This statement is now a matter of dispute between Yde and Class Counsel in *Markos*. Yde "does not dispute class counsel can depose her and request documents relating to her standing as a class member and the basis for her objections," Dkt. No. 5 at 7, but denies that Class Counsel is entitled to extend the scope of her deposition beyond these bounds. Class Counsel argues that while "Judge May's order states that objector depositions are allowed on the issue of standing, the order does not expressly limit depositions to that subject." Dkt. No. 10 at 10. Additionally, Class Counsel argues that its subpoena of Yde properly seeks to "explore the motivation, propriety, and basis of [her] objection," including as it relates to her relationship with Bandas, who assisted her in preparing her objection. Dkt. No. 10 at 2. Bandas filed an appearance in *Markos* on December 28, 2016, Dkt. No. 10 at 6, but has yet to appear in this Court.

Federal Rule of Civil Procedure 45(f) allows a court to transfer a subpoena-related motion to the court where the subpoena was issued, either "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Yde has not consented to transfer of her motion to the Northern District of Georgia, and indeed has objected to such transfer. *See* Dkt. No. 10 at 6; Dkt. No. 11 at 12. Yet this Court finds that exceptional circumstances justify the transfer of her motion and amended motion.

The presiding Judge in M*arkos* has set a hearing for the final approval of the Settlement for January 17, 2017, and has already ruled on the issues relating to the scope of objector depositions in *Markos* implicated by Yde's motions. The presiding Judge is in a superior position to determine the interpretation and application of her orders with respect to the merits of any objections and related motions in *Markos*. Additionally, transferring the motions will eliminate unnecessary disruption in the management of this litigation. The Court therefore **TRANSFERS** Yde's pending motions, Dkt. Nos. 1 and 5, from the Corpus Christi Division of the Southern District of Texas to the Atlanta Division of the Northern District of Georgia, so that these motions may be considered by the Judge presiding over the Settlement pending final approval in *Markos*, 1:15-CV-1156-LMM.

It is so ORDERED.

SIGNED this 3rd day of January, 2017.

_____
Hilda Tagle
Senior United States District Judge