IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| STEVEN L. MARKOS, GREGORY PAGE, and TIFFANY DAVIS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 1:15-cv-01156-LMM<br><br>CLASS ACTION |

**FINAL APPROVAL ORDER AND JUDGMENT**

  The Court having held a Final Approval Hearing on January 17, 2017, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order: (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in order of this dismissal and good cause appearing therefore,

  It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

  1. The Settlement Agreement dated June 10, 2016, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

**SETTLEMENT CLASS**: All users or subscribers to a wireless or cellular service within the United States who used or subscribed to a phone number to which Wells Fargo made or initiated one or more Calls during the Class Period using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available records, and who are within Subclass One and/or Two, which are defined as follows:

**Subclass One** consists of persons who used or subscribed to a cellular phone number to which Wells Fargo made or initiated a Call or Calls in connection with a Residential Mortgage Loan.

**Subclass Two** consists of persons who used or subscribed to a cellular phone number to which Wells Fargo made or initiated a Call or Calls in connection with a Home Equity Loan.

3. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class and Wells Fargo, and supporting declarations. The Court has also read and considered the written objections submitted by Settlement Class Members. The Court held a hearing on January 17, 2017, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

4. The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between the Plaintiffs, Class Counsel, and Wells Fargo. This settlement was facilitated by the well-respected mediator Hunter Hughes, and the Court does not find any collusion.

5. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

6. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

7. This Court hereby finds and concludes that the notice provided by the Settlement Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

8. The Court finds that all persons listed in Exhibit A to this Order, including those that Wells Fargo contends were late-filed, have properly excluded themselves from this Settlement and are therefore not Settlement Class Members for the purposes of this Order. See also Dkt. No. [89-1] (providing the same list).

9. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Each Settlement Class Member is hereby bound by the Settlement Agreement.

10. The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel.

11. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action.

12. Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of the Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

13. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

14. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Wells Fargo, or of the truth of any of the claims asserted by Plaintiffs in the Action, and evidence relating to the Settlement Agreement shall not be used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

15. If for any reason the Settlement terminates, then certification of the

Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

16. In the event that any provision of the Settlement or this Order is asserted by Wells Fargo as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

17. The Court approves payment of attorneys' fees and expenses to Class Counsel in the amount of $4,925,249.00. This amount shall be paid in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs,

and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the work performed by Class Counsel. Counsel was involved in a substantial pre-suit investigation of Wells Fargo's practices and had a history prosecuting TCPA cases against Wells Fargo—experience which they were able to leverage in securing an excellent settlement. Third, the Court concludes that the Settlement was negotiated at arms' length and without collusion. Fourth, the Court finds that the recovery is similar to those awards in similar cases. Fifth, Counsel took a risk taking this case because it was taken on contingency. Finally, the Court finds that Class Counsel has requested a hard cap on fees and expenses—thus, no further payments out of the Settlement Fund will be paid to counsel outside of this award, making this award firm.

18. The Court further approves a service award of $20,000 for each named Plaintiff and specifically finds such amount to be reasonable in light of the service performed by each Plaintiff for the class. Each of the named Plaintiffs rejected a Rule 68 offer of judgment that would have compensated them more than this service award, and therefore each put the class's interests above his or her own. This amount shall be paid in accordance with the terms of the Settlement Agreement.

19. Based on the Court's review, five objections were timely filed with the Court by concerned class members. Dkt. Nos. [49-50, 53, 56-57].[1]

---

[1] Pursuant to the Court's preliminary approval order, those who seek exclusion are not treated as objectors, and thus those objections are not technically proper. See Order, Dkt. No. [47] ¶ 11 ("Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of November 22, 2016, which are both sixty (60) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits

Notwithstanding that only five objections were timely, the Court has reviewed and considered the substance of all objections, whether properly filed or not. The objections relate to (1) the sufficiency of the settlement in light of what many objectors perceived as Wells Fargo's willful and intentional conduct regarding non-TCPA related issues (such as its handling of foreclosures, etc.); and (2) the size of the attorneys fee and service fee awards.

20. The Court **OVERRULES** these objections in their entirety. The Court finds that this settlement is fair and reasonable in that it is a non-reversionary settlement fund which provides an actual cash award of approximately $24 per class member. This is an excellent result when compared to the issues Plaintiffs would face if they had to litigate the matter, to include proving that "prior express consent" did not exist for each of the class members and that class certification would even be appropriate when the Court would be tasked with making a consent determination for each individual class member. And the fact that so many Settlement Class Members have filed claims[2] also suggests that this Settlement is fair and reasonable.

21. The Court also finds that the attorneys fees, expenses, and service fee

---

both a Request for Exclusion and an objection, the Request for Exclusion will be controlling."); see also Dkt. Nos. [54, 55, 58] (seeking to be excluded from the settlement). The Court also notes that one objection filed with the Court was untimely, Dkt. No. [75], and one objection was never filed with the Court making it invalid. Dkt. No. [59-13] at 13 (containing an objection only provided to class counsel). Two other individuals also filed "letters" with the Court requesting an address change and more information, respectively, and thus are not properly considered objections. See Dkt. Nos. [74, 76].

[2] At the hearing, Class Counsel advised they have received over 407,000 claims, for an overall 12% claims rate.

awards are proper for the reasons stated above. Objector Yde's[3] main concern with respect to attorneys fees is that the fees are too large when compared with how quickly the case settled. However, the Court is not troubled by the timing. Judicial economy encourages efficiency and discourages litigation for the sole purpose of driving up fees. The mere fact that the parties were able to reach an excellent settlement quickly should not work as a penalty to Class Counsel, who took risk in taking the case and were able to use targeted informal discovery as a means to secure a quicker payout for the class.

22. Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith.

23. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

**IT IS SO ORDERED** this 30th day of January, 2017.

*[signature]*
The Honorable Leigh Martin May
United States District Judge

---

[3] Throughout this settlement process, there has been much litigation regarding the propriety of Objector Yde's objection, specifically whether her counsel, Christopher Bandas, has committed a fraud on the Court by ghostwriting Ms. Yde's Objection but filing it *pro se, inter alia*. Mr. Bandas has since appeared in this matter, and Plaintiffs have withdrawn their Motion to Strike her Objection, thus there is nothing currently before the Court on this issue. Should Plaintiffs' counsel wish to pursue sanctions against Mr. Bandas, the Court has advised Plaintiffs that they need to file a motion on that issue.