**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Steven L. Markos, Tiffany Davis and Gregory Page, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | CASE NO.: 1:15-cv-01156-LLM |

**WELLS FARGO BANK, N.A.'S RESPONSE TO DANIEL ROMANOWSKI'S EMERGENCY MOTION TO RECONSIDER ORDER ON MOTION TO ENFORCE JUDGMENT**

**INTRODUCTION**

Devoid of any admissible evidence, Daniel Romanowski's ("Romanowski") motion claims Defendant Wells Fargo Bank, N.A. ("Wells Fargo") failed to properly notify Romanowski of Wells Fargo's Motion for an Order Enforcing this Court's Final Judgment And Injunction against Romanowski, (the "Motion to Enforce").

Romanowski makes this argument in spite of the fact that Wells Fargo's Motion to Enforce was served on December 4, 2017 (the same day it was filed) on both Romanowski's former counsel and his current counsel. Notice to a party's

counsel is notice to the party, so Romanowski's claim that he was not properly notified of the Motion to Enforce fails.

Further, Romanowski's claim that he timely opted out of this class action settlement is negated by Wells Fargo's Motion to Enforce and by the evidence submitted in this Response. Romanowski fails to satisfy his burden of proving that an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice compels this Court to reconsider its January 2, 2018 Order on the Motion to Enforce. Moreover, the true facts are that the September 30, 2016 Opt Out letter Romanowski references was actually created on October 27, 2017, the date it was belatedly sent to Garden City Group as a ruse. Romanowski's representation that he, in fact, sent that Opt Out letter on September 30, 2016, appears to be an attempted fraud on this Court.

## ARGUMENT

### 1. Romanowski Fails To Establish An Intervening Change in Controlling Law, Newly-Discovered Evidence, or Clear Error or Manifest Injustice

Romanowski does not identify under what authority he brings his motion to reconsider. Regardless, "Courts will reconsider a judgment only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Fults v. Upton*, No. 3:09-CV-86-TWT, 2011 U.S. Dist. LEXIS 11151, at *7 (N.D. Ga.

Feb. 4, 2011) (internal quotation marks omitted); see also *Caraway v. Secretary, U.S. Dep't of Trans*, 550 Fed. Appx. 704, 710 (11th Cir. 2013) ("A district court should only grant a motion for reconsideration on the basis of newly discovered evidence when the evidence is such that a new trial or reconsideration of the final judgment or order would probably produce a new result.") (internal quotation marks omitted). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)

First, Romanowski fails to identify any intervening change in controlling law. In fact, Romanowski fails to cite to any law whatsoever in his Motion.

Second, Romanowski does not identify any newly discovered evidence. Instead, Romanowski claims he "mailed an official and timely opt-out request." Romanowski's Motion at p. 2. Yet he made this same—demonstrably false— claim in his individual lawsuit against Wells Fargo.[1] See Doc. No. 111-3, ¶ 13, Ex. H. Specifically, on December 1, 2017, Romanowski filed an Objection to Wells Fargo's Motion to Stay, arguing that he "sent a written letter to the plaintiff to opt out of the

[1] Daniel Romanowski's lawsuit against Wells Fargo is styled *Daniel Romanowski v. Wells Fargo*, Case No. 3:17-cv-02614-N (N.D. Tex.) (the "Romanowski Litigation").

settlement on or about September 30, 2016." *Id*. This "evidence" is not newly discovered; in fact, it is not sworn under penalty of perjury, so it is not even admissible. Even if Romanowski properly submitted this evidence, however, Romanowski's claim that he timely submitted an opt-out request is repudiated by the evidence provided by Wells Fargo, as discussed further below.

Third, Romanowski does not argue that the Court's January 2, 2018 Order granting the Motion to Enforce was based on a clear error or advances some sort of manifest injustice. Nor can he. As this Court properly found, Romanowski "is plainly a class member who even filed a claim in this matter." Doc. No. 114 at p. 2-3. Romanowski has not carried his burden for the Motion, so it should be denied.

**2. Romanowski Did Not Submit Any Admissible Evidence With The Motion**

Romanowski's Motion for Reconsideration "alleges" various facts: that he submitted a timely opt-out request to Garden City Group ("GCG," the Claims Administrator for the *Markos* Action), that GCG failed to document Romanowski's opt-out status properly, and that Wells Fargo failed to notify Romanowski of the Motion to Enforce. Yet Romanowski's Motion is not supported by any admissible evidence; none of these "allegations" are established in a declaration or affidavit signed under penalty of perjury.

Statements in a motion or a response that are not made under penalty perjury are not evidence. *Griffin v. Kelso*, No. 2:10-cv-2525 MCE AC P, 2016 U.S. Dist. LEXIS 104346, at *4 (E.D. Cal. Aug. 5, 2016) ("Any declarations plaintiff relies on must be signed under penalty of perjury or they are not evidence."); *First Mut. Grp., LP v. Melton*, No. 6:14-cv-1758-Orl-41KRS, 2015 U.S. Dist. LEXIS 24785, at *4 (M.D. Fla. Jan. 23, 2015) (unsworn statements in a brief are not evidence "unless they are made under penalty of perjury"); *DeLoach v. Lewis*, No. 7:07-CV-15 (HL), 2009 U.S. Dist. LEXIS 130795, at *4 (M.D. Ga. Jan. 7, 2009) ("This document cannot be considered to be an affidavit as it contains no indication that it was given under oath or penalty of perjury. Unfortunately for plaintiff this document is not evidence….").

As Romanowski bears the burden on his Motion, yet he has not submitted any admissible evidence, the Motion should be denied.

**3. The Motion To Enforce Was Properly Served on Romanowski's Counsel**

Rule 5 provides that, "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1); see also LR 5.2(1), NDGa ("A copy of each pleading shall be served upon opposing counsel.")

Numerous courts have affirmed the principle that service on a party's counsel sufficiently constitutes service on the party. *Pioneer Investment Services Co. v. Brunswick Assoc*., 123 L. Ed. 2d 74, 113 S. Ct. 1489, 1499 (1993) ("[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.") (internal quotations omitted); *United States v. West*, 130 F. App'x 753, 759 (6th Cir. 2005) ("Notice to a party's counsel is constructive notice to the party."); *Cooper v. Productive Transp. Servs*. (In re Bulldog Trucking), No. 95-2078, 1996 U.S. App. LEXIS 15959, at *2 (4th Cir. July 2, 1996) ("[N]otice to a party's attorney is notice to the party."); *Winchell v. Lortscher*, 377 F.2d 247, 255 (8th Cir. 1967) (holding that notice of counsel of entry of judgment constituted notice to his client)

On December 4, 2017 (the same day it was filed), Wells Fargo served its Motion to Enforce on both Jenny Diane DeFrancisco and Warren Norred. Doc No. 111. Ms. DeFrancisco was Romanowski's initial counsel in the Romanowski Litigation, but she filed a motion to withdraw as counsel of record after Romanowski refused to dismiss the lawsuit in spite of the evidence that Romanowski was a *Markos* class member. Doc No. 111-3, ¶¶ 2-12 and Ex. F; see also Declaration of Divya Gupta ("Gupta Dec."), ¶ 3. On December 4, 2017, Ms. DeFrancisco's motion

to withdraw was still pending,[2] and Warren V. Norred filed a Notice of Appearance and Lead Counsel on December 1, 2017 in the Romanowski Litigation. Doc No. 111-3, ¶ 18 and Ex. G.

Thus, Wells Fargo also served the Motion to Enforce on Mr. Norred on December 4, 2017. Doc No. 111. Indeed, Mr. Norred, confirmed receipt of the Motion to Enforce on December 8, 2017, four days after the Motion to Enforce was filed. Gupta Dec., ¶ 4, Ex. A (e-mail from Mr. Norred stating "I have received a copy of a Motion for an Order Enforcing This Court's Final Judgment and Injunction Against Daniel Romanowski ....).

Rather than respond to the Motion, Mr. Norred was apparently under the impression that he did not have "any obligation on [his] part to respond" because he has not appeared in this lawsuit. *Id.* But Romanowski is bound by his counsel's action – or in this case, inaction. *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34, 82 S. Ct. 1386, 1390 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is

---

[2] It was granted on December 15, 2017. Gupta Dec., ¶ 6, Ex. C.

deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.") (internal quotation marks omitted).

For good measure, Wells Fargo served the Motion to Enforce again on Romanowski's counsel (both former and current) on December 15, 2017, when it filed a Reply to Mr. Norred's Objection and Response to Wells Fargo's Motion to Stay in the Romanowski Litigation. Gupta Dec., ¶ 5, Ex. B. Wells Fargo's Motion to Enforce was attached as an exhibit to that Reply. *Id.* Still, neither Romanowski nor his counsel appropriately responded.

Perhaps most basically, Romanowski does not deny receiving the Motion to Enforce at or near the time Wells Fargo served it upon his counsel. See Plaintiff's Motion. That omission is telling and dispositive. Without argument—much less evidence—that Romanowski did not receive actual notice of the pending motion he cannot establish prejudice, and hence no manifest injustice meriting reconsideration transpired.

**4. Romanowski's Purported September 30, 2016 Opt-Out Is A Sham**

Romanowski claims that he mailed an "official" opt-out request on September 30, 2016, attaching a letter bearing that same date to the Motion. That would be

quite curious since he made a claim against the settlement on September 27, 2016 and GCG had not record of ever receiving the Opt Out notice. Doc. 111-2, ¶ 10.

Unfortunately, Romanowski is attempting to perpetrate a fraud on this court. On October 26, 2017, Romanowski e-mailed GCG and attached the same September 30, 2016 that he attaches in the instant Motion. Supplemental Declaration of Loree Kovach, ¶ 3, Ex. 1. GCG determined that the September 30, 2016 letter attached to his e-mail contained metadata indicating that the file was created the same day the e-mail was sent – October 26, 2017. *Id*. at ¶ 4. In other words, Romanowski apparently backdated the letter and e-mailed it to GCG in an attempt to turn back time and sneak in a late opt-out after discovering the ramifications of filing a claim in the *Markos* action.

Coincidentally, Wells Fargo's counsel first raised the issue of Romanowski's participation in the *Markos* settlement on October 19, 2017. Doc. No. 111-3 at ¶ 4, Ex. B. Exactly one week later, a backdated letter ends up in the hands of GCG. Kovach Dec., ¶ 3, Ex. 1. It is pretty clear what happened here and the Court should not tolerate it.

## **CONCLUSION**

Wells Fargo requests that the Court deny Romanowski's Motion for Reconsideration.

Respectfully submitted this 16th day of January, 2018.

*/s/ Eric J. Troutman*
Eric J. Troutman*
Divya S. Gupta*
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, California 92626-7655
Telephone: (714) 800-1400
Facsimile: (714) 800-1499
troutman.eric@dorsey.com
gupta.divya@dorsey.com
* Admitted *Pro Hac Vice*

Attorneys for Defendant
Wells Fargo Bank, N.A.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

I certify that the foregoing document was prepared in accordance with the font, type, and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

Respectfully submitted this 16th day of January, 2018.

*/s/ Eric J. Troutman*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of January, 2018, I have served a copy of the foregoing document **WELLS FARGO BANK, N.A.'S RESPONSE TO DANIEL ROMANOWSKI'S EMERGENCY MOTION TO RECONSIDER ORDER ON MOTION TO ENFORCE JUDGMENT** by Notice of Electronic Filing or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, facsimile or e-mail on the following:

Warren Norred
NORRED LAW, PLLC
200 East Abram, Ste. 300
Arlington, Texas 76010
Telephone: (817) 704-3984
Facsimile: (817) 524-6686
wnorred@norredlaw.com

*Counsel for Plaintiff*
*Daniel Romanowski*

*/s/ Divya S. Gupta*
Divya S. Gupta